STATE of Iowa, Appellee,

v.

Dale Ernest BOREN, Appellant.

No. 57164.

Supreme Court of Iowa.

Dec. 18, 1974.

Rehearing Denied Jan. 17, 1975.

Robert C. Gross, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

Heard by MOORE, C. J., and LeGRAND, REES, HARRIS, and McCORMICK, JJ.

McCORMICK, Justice.

Defendant appeals his conviction by jury and sentence for incest in violation of Code § 704.1. The State accused defendant Dale Ernest Boren of incest with his 16 year old daughter Linda based upon an incident alleged to have occurred between September 1 and September 15, 1973. Defendant's

main contentions are that the trial court erred in receiving his written statement into evidence and in finding sufficient evidence of the specific act of incest for jury consideration. We affirm.

■ I. Linda Boren turned herself in at the Cedar Rapids police station the evening of October 6, 1973, as a runaway. She told detective Robert B. Manchester she had been beaten many times by her father and he had maintained an incestuous relationship with her since she was eight years old.

Manchester called Linda's parents to the police station. They arrived shortly after midnight. Linda's mother told Manchester she had suspected defendant of having intercourse with Linda several years before. Defendant was interrogated by Manchester and detective Douglas R. Fuller. He was fully advised of his relevant constitutional rights as required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Manchester testified he advised defendant of his daughter's allegations.

At first, according to Manchester and Fuller, defendant denied Linda's accusations. Fuller testified that after further questioning defendant admitted that two or three years before he "had a few beers and might have had intercourse with Linda." Manchester said he then posed a question to defendant: "I asked him what he would say if I told him that his daughter had been given a polygraph test or a lie detector test and that test had shown everything she said to us was the truth." The officers testified defendant acknowledged that what his daughter said was true and gave a detailed statement which was later put in writing and signed by him at about 1:30 a. m. October 7, 1973.

Defendant admitted making oral and written admissions but said they were untrue and were made because accusations by the officers made him feel "like giving up on everything." He testified the officers confronted him with details and he simply acknowledged they were true.

In the statement defendant said he had sexual intercourse 50 to 60 times with Linda, the first time when she was eight years old and the last about a month before the date of his interrogation.

Defendant's pretrial motion to suppress evidence of his oral and written statements was based on a contention that Manchester tricked him into giving them by his question suggesting Linda had passed a lie detector test. He alleged his statements were thus not voluntary. After evidentiary hearing his motion was overruled. At trial defendant objected to the State's offer of defendant's written statement on the same ground, and his objection was overruled. He assigns that ruling as error.

The applicable principles are fully reviewed in State v. Cooper, 217 N.W.2d 589 (Iowa 1974). There we summarized the rule where there is evidence of deception as follows:

"Deception of any nature by representatives of the state cannot be condoned. However, we conclude deception standing alone does not render a waiver of constitutional rights involuntary as a matter of law unless the deceiving acts amount to a deprivation of due process. Nevertheless, deception becomes a factor to be considered in reviewing the totality of the circumstances in making the determination as to the voluntariness of the waiver even though the act does not per se produce exclusion." Id. at 597.

In examining the totality of circumstances shown by the record to determine the voluntariness of defendant's statements, we make our own independent evaluation of the evidence. "When constitutional safeguards are involved, we are obliged to make our own evaluation of the totality of the circumstances under which rulings on those rights were made." State v. Thomas, 205 N.W.2d 717, 721 (Iowa 1973). That is, when a constitutional issue is presented, the evidence relevant to that issue is reviewed de novo. State v. Elmore, 201 N.W.2d 443, 445 (Iowa 1972); see State

v. Winfrey, 221 N.W.2d 269, 273 (Iowa 1974); State v. Cooper, supra, 217 N.W.2d at 598; State v. Ware, 205 N.W.2d 700, 703 (Iowa 1973).

There is no suggestion from the evidence in this case that defendant was under any physical or mental disability at the time he was interrogated. He was alert and rational. He was fully aware of his legal rights, and he knowingly and intelligently relinquished them. We do not believe Manchester's alleged "trick question" constituted coercion. It was a means of challenging defendant's veracity rather than a device calculated to overbear his will or impair his capacity for self-determination. In all the circumstances we believe his statements were the product of "an essentially free and unconstrained choice." Culombe v. Connecticut, 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037, 1057 (1961).

We hold defendant's admissions were voluntary. The trial court did not err in admitting the written statement into evidence.

■ II. In ruling on a pretrial motion for bill of particulars the trial court required the State to specify as closely as possible the date of the offense charged. The county attorney's information alleged it occurred between September 1 and October 6, 1973. In response to the ruling, the State said the act occurred, to the best of Linda's recollection, between September 1 and September 15, 1973.

In her testimony at trial Linda said defendant had sexual intercourse with her on that occasion in a bedroom of their home in Cedar Rapids. She also testified to numerous other similar events from the time she was eight years old, asserting they were occurring two or three times a week by the time she was 16.

Defendant contends Linda's inability to remember the exact date of the alleged offense effectively deprived him of his right to defend against it. He argues there was insufficient evidence of any specific act of incest so that his motion for directed verdict on the ground of insufficiency of evidence should have been sustained. We do not agree.

Viewing the record in its light most favorable to the State, we believe the charge was supported by substantial evidence. In addition to Linda's testimony, the defendant in his written statement admitted an act of incest during the period involved, and there was substantial evidence of similar prior acts. See State v. Staker, 220 N.W.2d 613, 617–618 (Iowa 1974). Lack of specificity in Linda's testimony was a proper factor for jury consideration in assessing her credibility, but the evidence was sufficient to justify submission of the cause to the jury.

■ III. Defendant also contends the trial court erred in not instructing the jury to disregard defendant's admissions if it found they were not voluntary, without regard to their truth. The jury was fully and adequately instructed on voluntariness as it affected the weight to be given the statements. The jury was permitted to judge the credibility but not the admissibility of the statements.

We refuse to depart from the orthodox rule for determining questions of voluntariness and admissibility. Under this rule the trial court's determination of admissibility is final and, if the evidence is admitted, the weight to be given the evidence is left for the jury in the trial. State v. Winfrey, supra, 221 N.W.2d at 272, and citations.

The trial court correctly instructed the jury on this issue.

■ IV. Defendant's final contention is that Linda was an accomplice and the conviction should have been set aside on his motion for new trial for lack of corroboration of her testimony. This contention fails for two reasons.

First, there was ample corroboration of Linda's testimony in defendant's alleged admissions. It is well settled that corroboration may come from a defendant's admission. State v. Williams, 207 N.W.2d 98, 107

(Iowa 1973). Second, corroboration was not required since Linda could not have been an accomplice. She was less than 17 years old and therefore below the age at which she could consent to sexual intercourse with a male over the age of 25. See State v. Anderson, 222 N.W.2d 494 (Iowa 1974); State v. McCall, 245 Iowa 991, 63 N.W.2d 874 (1954); §§ 698.1, 782.5, The Code.

We find no reversible error.

Affirmed.