STATE of Iowa, Appellant,

v.

George Patrick IVERSON, Appellee.

STATE of Iowa, Plaintiff,

v.

Honorable Leo F. CONNOLLY, Judge of
the Fourth Judicial District of
Iowa, Defendant.

No. 61638.

Supreme Court of Iowa.

Nov. 22, 1978.

Patrick M. Carr, Asst. County Atty., for appellant-petitioner.

C. R. Hannan, Council Bluffs, for appellee-respondent.

Considered by REYNOLDSON, C. J., and LeGRAND, McCORMICK, McGIVERIN and LARSON, JJ.

McCORMICK, Justice.

An appeal by the State has been combined with a certiorari action by the State arising from the same case. On motion of defendant George Patrick Iverson claiming denial of a speedy trial, the trial court dismissed the State's two-count information charging him with delivery of controlled substances. The court also sustained defendant's motion to suppress evidence obtained by the State in a warrant-search of defendant's home. The State appealed the dismissal and we granted certiorari review of the suppression order. We hold that the trial court erred in both rulings challenged by the State. Therefore we reverse on the appeal and sustain the writ of certiorari.

I. *The appeal.* The trial court sustained defendant's motion to dismiss for denial of a speedy trial on res judicata, statutory and constitutional grounds. The State contends each of these grounds is without merit.

The res judicata ground arises from the fact a judicial magistrate dismissed the case when it was before him for preliminary proceedings because of the State's failure to meet a deadline fixed by the magistrate for "prosecution" of the case.

Defendant was arrested on May 23, 1977, and taken before the magistrate on May 24. The magistrate advised the defendant of the charges and of his right to counsel. Upon defendant's request for appointment of counsel, the magistrate continued the case until May 25. On that date, defendant was released on his own recognizance.

For reasons not disclosed in the record the case was continued by the magistrate from May 25 to June 15 and from June 15 to July 14. It was then continued at defense counsel's request until July 28. On July 28 it was continued to August 4. On August 4 the magistrate made a record

entry stating. "State given to 8–16–77 to prosecute or shall be dismissed." On August 16 the magistrate dismissed the case. No preliminary hearing had been either held or waived.

The State subsequently brought the same charges by filing a county attorney's information with the clerk of the district court on September 7, 1977. Defendant was arraigned before a district judge on October 4, 1977. He entered a plea of not guilty and the case was set for trial for October 25. On October 12 defendant filed a motion for continuance, waiving the 60-day speedy trial provision of § 795.2, The Code, 1977, and requesting time to file pretrial motions. The motion was subsequently granted.

On November 12 defendant filed his motion to suppress evidence. On November 14 he filed his motion to dismiss. The motions were heard on December 9, and the trial court's rulings sustaining the motions were filed January 17, 1978.

In sustaining defendant's motion to dismiss, the trial court held the State was bound by the magistrate's dismissal order. This holding seems to have been predicated on a theory of res judicata or collateral estoppel. See, generally, *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); *Ashe v. Swenson*, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469, 475 (1970).

■ No basis exists for holding the State to be bound by the magistrate's dismissal order. A judicial magistrate lacks jurisdiction to dismiss a felony case with prejudice. See § 602.60, The Code. Even when a court with jurisdiction dismisses a felony charge in furtherance of justice, the dismissal does not bar reprosecution. § 795.5, The Code, 1977; *State v. Burton*, 231 N.W.2d 577, 578 (Iowa 1975). Cf. rule 27(1), R.Crim.P., § 813.2, The Code, 1977 Supp.

The trial court erred in holding that the magistrate's dismissal order precluded reprosecution.

■ The trial court's reliance on §§ 795.1 and 795.2, The Code, 1977, was also inapposite.

Because the defendant was not held to answer by the judicial magistrate, the time limitation of § 795.1 never came into play. *State v. Paulsen*, 265 N.W.2d 581, 585 (Iowa 1978).

■ Even though the 60-day period for trial of § 795.2 was applicable, the record shows the case was set for trial within that period but was continued upon motion by defendant in which he waived his right to trial within the statutory time. Defendant desired additional time to file pretrial motions. Even if defendant had not waived his statutory right, the fact he caused the delay provided good cause for the State's failure to bring him to trial within 60 days. *State v. Albertsen*, 228 N.W.2d 94, 97 (Iowa 1975).

Nor do we find any merit in the constitutional grounds for the trial court's dismissal order. The court held that the filing of the county attorney's information violated the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution and defendant's Sixth Amendment right to speedy trial assured him under the Fourteenth Amendment.

■ The record does not establish preindictment delay of unconstitutional dimensions. Nor does it show requisite prejudice. *United States v. Lovasco*, 431 U.S. 783, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *State v. Newman*, 257 N.W.2d 29 (Iowa 1977); *State v. Burrell*, 255 N.W.2d 119 (Iowa 1977). Consequently no due process violation has been shown.

■ Similarly, no record is presented from which a denial of equal protection can be found, and the 104-day delay between the date of defendant's arrest and the filing of the county attorney's information did not deny him his Sixth Amendment right to speedy trial. *State v. Lee*, 222 N.W.2d 471, 474 (Iowa 1974).

None of the grounds relied on by the trial court in sustaining defendant's motion to dismiss is supported by the facts or law. We hold that the court erred in sustaining the motion.

II. *The certiorari action.* Because the trial court erred in sustaining the motion to

dismiss, we must address the merits of the certiorari action in which the State challenges the trial court's additional ruling sustaining defendant's motion to suppress evidence.

■ The question here is whether the State obtained evidence in a search of defendant's home in violation of the Fourth Amendment of the U.S. Constitution, Art. I, § 8, Iowa Constitution, and § 751.9, The Code, 1977. We review the record bearing on the constitutional issues de novo. *State v. Conner,* 241 N.W.2d 447, 453 (Iowa 1976).

Three narcotics agents had a valid warrant to search for mescaline in the rented farm house occupied by defendant and his wife in rural Pottawattamie County. They arrived at the home at approximately 4:00 p. m., May 23, 1977. They were wearing civilian clothes and driving a pickup truck.

Defendant kept ten pit bulldogs in his yard. Two of the officers approached the house. They saw defendant's wife looking out an upstairs window of the home. She asked them what they wanted. To avoid having the dogs sicced on them, the officers concluded they should conceal their identity and purpose until they got inside the house. Therefore, in responding to the inquiry from defendant's wife, one of the officers told her there was an accident down the road and asked if they could use her telephone. She said "Okay", came downstairs, and admitted the two men.

The officers accompanied defendant's wife from the front entry to the kitchen. Then, in the presence of defendant and his wife, they revealed their identity and purpose. They then carried out the search.

As a result of their search of the premises, the officers found controlled substances, drug paraphernalia, a shotgun, and $500 in marked $100 bills with which an undercover agent had earlier purchased a controlled substance from an alleged distributee of defendant.

In asking that this evidence be suppressed, defendant did not challenge the search warrant. Instead he contended that the ruse by which the officers gained entry to his home violated his constitutional and statutory rights in the respects specified.

The issue under the Fourth Amendment and Ia. Const. Art. I § 8 is whether gaining entry to the premises by ruse in order to execute the search warrant made the search unreasonable.

We have recognized that some courts have held the announcement of identity and purpose before entering private premises is mandated by the Fourth Amendment's prohibition against unreasonable searches and seizures. See *State v. Brown,* 253 N.W.2d 601, 602 (Iowa 1977).[1]

Even those authorities have acknowledged the existence of exceptions. See e. g., *Ker v. California,* 374 U.S. 23, 47, 83 S.Ct. 1623, 1636, 10 L.Ed.2d 726, 746 (1963) (Brennan, J., separate opinion, delineating exigent circumstances exception). We noted the exigent circumstances exception in *Brown,* 253 N.W.2d at 603.

In *State v. Valentine,* 264 Or. 54, 504 P.2d 84 (1972), cert. den., 412 U.S. 948, 93 S.Ct. 3001, 37 L.Ed.2d 1000 (1973), also cited in *Brown,* the court recognized an additional exception in situations where entry is obtained by ruse or subterfuge. The court found that the knock and announce rule has two principal purposes. One is to protect persons who might be injured by violent resistance to unannounced entries by law enforcement officers, and the other is to protect the householder's right of privacy for the few seconds between the time of announcement and actual entry to make an otherwise valid arrest or search. After reviewing authorities, the court concluded that an intrusion of one interest but not the other is not of sufficient substance to invoke the constitutional protection. Reasoning that the possibility of violence because of a forced, unexplained entry is not present in "ruse and subterfuge cases", the court held the Fourth Amendment and the comparable provision of the Oregon Constitution were not violated in those situations.

---

1. But see *Michigan v. Tyler,* 436 U.S. 499, 513, 98 S.Ct. 1942, 1952, 56 L.Ed.2d 486, 501 (1978) (Stevens, J., concurring) ("A warrant provides authority for an unannounced, immediate entry and search. . . . [I]t authorizes entry by force.").

Courts also held entries by ruse did not infringe the Fourth Amendment in *United States v. Syler,* 430 F.2d 68 (7 Cir. 1970), and *United States v. Oakes,* 564 F.2d 384 (10 Cir. 1977). Contra, *Bowers v. Coiner,* 309 F.Supp. 1064 (S.D.W.Va.1970).

The United States Supreme Court has held that entry by ruse does not invariably require the exclusion of evidence obtained as a result of the entry. The issue of reasonableness of the search is to be determined in the facts of each case. *Lewis v. United States,* 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966).

 The State does not claim exigent circumstances existed here, but it does contend the search was reasonable. Whether a search and seizure is unreasonable depends on "whether the thing done, in the sum of its form, scope, nature, incidents and effect, impresses as being fundamentally unfair or unreasonable in the specific situation when the immediate end sought is considered against the private right affected." *State v. Davis,* 228 N.W.2d 67, 70 (Iowa 1974). Tested by this standard, we do not believe the search was unreasonable in the present case.

 The officers had a valid search warrant. Their use of a ruse to obtain entry was a precaution to avoid injury to themselves and a possible violent confrontation. No force was threatened or used. No "breaking" occurred. The officers did not commence their search for mescaline until after announcing their identity and purpose. Only a few seconds passed after their entry before the announcement was made. We do not believe that the minimal invasion of defendant's privacy which occurred before that time, when balanced against the considerations which motivated the officers, was of sufficient substance to make the search unreasonable.

The conduct disapproved in *Gouled v. United States,* 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921), involved a secret and general ransacking after a surreptitious entry and is thus distinguishable. See *Lewis v. United States,* supra, 385 U.S. at 209, 87 S.Ct. at 427, 17 L.Ed.2d at 315.

We do not decide whether the knock and announce rule is constitutionally mandated. We hold only that, even if it is, the entry in the present case came within a recognized exception and the search was not unreasonable under the applicable provisions of the federal and state constitutions.

The trial court also found the search here violated Iowa's knock and announce statute, § 751.9, The Code, 1977. That statute provides:

The officer may break open any outer or inner door or window of a house, or any part thereof, or anything therein, to execute the warrant, if, after notice of his authority and purpose, he is refused admittance.

Cf. § 808.6, The Code, 1977 Supp.

We reviewed the history and purpose of § 751.9 in *State v. Brown,* 253 N.W.2d 601 (Iowa 1977). In doing so we said that federal cases interpreting the comparable federal provision, 18 U.S.C. § 3109, are persuasive authority in interpreting our statute.

In this case, the trial court held the officers' ruse was a proscribed breaking within the meaning of the statute. Although authority to the contrary exists, the majority of federal circuits which have discussed the issue have held that an entry by ruse does not breach the federal statute. They do so by reasoning that when entry is obtained by ruse the officers do not "break open" any part of the house, which is the only method of entry addressed in the federal "knock and announce" statute. See *United States v. Stefano,* 555 F.2d 1094, 1100 n. 5 (2 Cir. 1977) (dictum); *United States v. Beale,* 445 F.2d 977 (5 Cir. 1971), cert. den., 404 U.S. 1026, 92 S.Ct. 697, 30 L.Ed.2d 676 (1972); *United States v. Bush,* 283 F.2d 51 (6 Cir. 1960), cert. den., 364 U.S. 942, 81 S.Ct. 461, 5 L.Ed.2d 373 (1961) (dictum); *United States v. Raines,* 536 F.2d 796 (8 Cir. 1976), cert. den., 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976); *United States v. Covington,* 385 A.2d 164 (D.C.App.1978). See also *United States v. Syler,* 430 F.2d 68 (7 Cir. 1970); *United States v. Oakes,* 564 F.2d 384 (10 Cir. 1977). Compare *Leahy v. Unit-*

**6** 

*ed States*, 272 F.2d 487 (9 Cir. 1959), cert. dismissed, 364 U.S. 945, 81 S.Ct. 465, 5 L.Ed.2d 459 (1960), and *Ponce v. Craven*, 409 F.2d 621 (9 Cir. 1969), cert. den., 397 U.S. 1012, 90 S.Ct. 1241, 25 L.Ed.2d 424 (1970), with *United States v. Phillips*, 497 F.2d 1131 (9 Cir. 1974).

The United States Supreme Court has reserved decision of the issue. See *Sabbath v. United States*, 391 U.S. 585, 590, 88 S.Ct. 1755, 1758, 20 L.Ed.2d 828, 834 n. 7 (1968).

 In accordance with the reasoning in the majority of federal cases, we hold that our knock and announce statute does not apply to an entry obtained by ruse. This is because officers who obtain entry through a ruse do not "break open" a door, window or part of the house within the meaning of § 751.9. The trial court erred in holding otherwise.

The search in the present case did not violate the Fourth Amendment, Ia. Const. Art. I § 8, or § 751.9, The Code, 1977. Therefore we sustain the writ of certiorari.

REVERSED ON APPEAL; WRIT SUSTAINED IN CERTIORARI ACTION.