STATE of Iowa, Appellee,

v.

Ronald J. COHRS, Appellant.

No. 90–1427.

Court of Appeals of Iowa.

Feb. 25, 1992.

Linda Del Gallo, State Appellate Defender, and Patricia Reynolds Lapointe, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Roxann M. Ryan, Asst. Atty. Gen., J. Patrick White, County Atty., and David Tiffany, Asst. County Atty., for appellee.

Heard by OXBERGER, C.J., and SCHLEGEL and HABHAB, JJ.

OXBERGER, Chief Judge.

Iowa City officer Michael Brotherton executed a search warrant at the apartment of Ronald Cohrs. Officer Brotherton found the door to the apartment unlocked and slightly ajar. He knocked on the door. When someone inside asked "who's there?", he replied "Mike Brotherton". When the apartment's occupant did not come to the door or make any further response, Brotherton pushed the door open slightly, looked inside, and saw Cohrs surrounded by items which looked like drug paraphernalia. At some point Brotherton said the word "police," but there is a dispute as to precisely when he did so. The State asserts Brotherton said the word "police" before looking in the door and seeing drug paraphernalia; Cohrs asserts Brotherton did not say the word "police" until he and other officers were entering the door, after they had already looked in and seen drug paraphernalia.

After entering the apartment, the officers seized drugs and drug-related items, and Cohrs was charged with drug offenses. A jury found him guilty of two counts of possession of cocaine. He has appealed from the resulting convictions.

■ Cohrs contends the evidence seized from his apartment should have been suppressed because the search was conducted in violation of the "knock and announce" rule. He contends the officer's conduct constituted a violation of this rule because the officer broke into the apartment without first giving notice of his authority and purpose.

■ SCOPE OF REVIEW: We review de novo where a constitutional right is involved. When a defendant is alleging error involving a constitutional right, such as here, we make an independent evaluation of the totality of the relevant circumstances to determine if such an error was made. *Rinehart v. State*, 234 N.W.2d 649, 658 (Iowa 1975); *State v. Jeffries*, 417 N.W.2d 237, 239 (Iowa App.1987).

■ KNOCK AND ANNOUNCE RULE: Iowa Code section 808.6 provides in relevant part:

The officer may break into any structure or vehicle where reasonably necessary to execute the warrant if, after notice of this authority and purpose the officer's admittance has not been immediately authorized.

Implicit in prior case law is the assumption that the "knock and announce rule" in Iowa Code section 808.6 embodies the reasonableness requirement for a Fourth Amendment search. *See State v. Brown*, 253 N.W.2d 601, 602 (Iowa 1977) (constitutional implications found to exist within the knock and announce rule).

■ EXIGENT CIRCUMSTANCES: Abundant authority exists for the proposition that exigent circumstances will excuse compliance with constitutional and statutory announcement requirements. *State v. Brown*, at 603. Even if probable cause exists for the arrest of a person within, the fourth amendment is violated by an unannounced police intrusion into a private home, with or without an arrest warrant, except (1) where the persons within already know of the officer's authority and purpose, or (2) where the officers are justified in the belief that persons within are in imminent peril of bodily harm, or (3) where those within, made aware of the presence of someone outside (because, for example, there has been a knock at the door), are *then engaged in activity which justifies the officers in the belief that an escape or the destruction of evidence is being attempted. Id.* at 603; citing *Ker v. California*, 374 U.S. 23, 47, 83 S.Ct. 1623, 1636, 10 L.Ed.2d 726, 746 (1963). (Emphasis added). The first and third exceptions mentioned above are pertinent here. The record indicates that the door was ajar. By virtue of the door being open, there is nothing which indicates that Cohrs could not have already viewed the officer and have known of his purpose.

Regarding the third exception above, the officer, in this case, knew the basis upon which the warrant had been issued. The warrant was sought based upon information that Cohrs had a white powdery substance in his room. Cohrs was made aware of the officer's presence outside his dwelling when the officer knocked on the door. Officer Brotherton had sufficient information that Cohrs was engaged in an activity which would justify a belief that during the interval of announcing his name and the time of his entry in which there was no response Cohrs would be attempting to escape or destroy the evidence. Cohrs asserts the record contains no allegations that the officers involved claimed they were aware of any exigent circumstances before the door was opened. We find that inherent within the circumstances leading to the issuance of the warrant and the silence which followed the officer's knocking and announcing his name that exigent circumstances arose.

■ It has been said that two principal purposes underlie the knock and announce rule. *State v. Iverson*, 272 N.W.2d 1, 4 (Iowa 1978); citing *State v. Valentine*, 264 Or. 54, 504 P.2d 84 (1972), cert. den., 412 U.S. 948, 93 S.Ct. 3001, 37 L.Ed.2d 1000 (1973). One is to protect persons who might be injured by violent resistance to unannounced entries by law enforcement officers, and the other is to protect the householder's right of privacy for the few seconds between the time of announcement and actual entry to make an otherwise valid arrest or search. *Id.* at 4. Cohrs asserts that both purposes in this case were thwarted. We disagree.

In the present case, Officer Brotherton knocked on the door, received a response from the defendant, and was then met by silence. Cohrs asserts that the officer placed himself in potential danger by "barging" into the dwelling. Where endangerment of the officer is concerned knocking and announcing his name upon request, Officer Brotherton clearly made Cohrs aware that a person unknown to Cohrs was seeking entry. The officer knew his presence had been exposed in a potentially criminal setting. Here, an even greater potential exists for danger to the officer who stands by waiting. Critical seconds pass by while opportunities exist for evidence to be destroyed or weapons to be

acquired and used. Additionally, the door to the dwelling was partially open. Regardless of the degree to which the door was ajar, the officer could not be certain his presence had not been viewed from within. Absent this certainty, no officer can be reasonably expected to stand by and await a potentially dangerous response. We find, in balancing the potential dangers present, the officer's decision to enter rather than wait was reasonably necessary. Such conduct under the circumstances did not subject him to any greater potential endangerment than that which already existed.

▆ The State argues that Cohrs exhibited a diminished expectation of privacy by leaving his door ajar. We agree and find that under the totality of the circumstances, whatever minimal invasion of Cohrs' privacy which occurred between the time the officer knocked and gave his name and the announcement "police," there was sufficient foundation to make the search reasonable. We affirm the trial court.

AFFIRMED.