# IN THE COURT OF APPEALS OF IOWA

No. 13-0082
Filed April 30, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**JOHN JOSEPH VANCE,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Benton County, Sean W. McPartland, Judge.

John Joseph Vance appeals his convictions for sexual abuse in the second degree and lascivious acts with a child. **CONVICTIONS AFFIRMED, SENTENCE VACATED IN PART AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, David C. Thompson, County Attorney, and Emily K. Nydle, Assistant County Attorney, for appellee.

Considered by Potterfield, P.J., and Doyle and Bower, JJ.

**BOWER, J.**

John Joseph Vance appeals his convictions for sexual abuse in the second degree and lascivious acts with a child. Vance claims the district court erred in allowing the jury to hear statements made by a police officer during Vance's interrogation. He also claims the district court improperly imposed a fine as part of his sentence. We find the statements by police were non-testimonial in nature and properly admitted. We also find a portion of the sentence is illegal due to the imposition of a fine for sexual abuse in the second degree. We affirm the convictions, vacate the imposition of a fine for sexual abuse in the second degree, and remand for resentencing consistent with this opinion.

**I.     Background Facts and Proceedings**

On October 28, 2010, John Vance was charged with sexual abuse in the second degree and lascivious acts with a child. He pleaded not guilty and waived his right to a speedy trial.

Prior to trial Vance filed a motion in limine seeking to redact a portion of a videotaped interview conducted by Deputy Jerry Michael. During the interview Deputy Michael told Vance, "This stuff happened to [the victim], John, and it did, and we know that it did, and I think for the most part you know that it did." Vance responded by saying "Yeah." Vance sought to exclude the deputy's statement as impermissible opinion evidence that invaded the province of the jury. The district court allowed the statement to be played to the jury as part of the entire interview. A guilty verdict was returned on both charges, and Vance filed a

motion for new trial claiming, in part, the statement by Deputy Michael should not have been placed before the jury. The motion was denied.

Vance was sentenced to a term not to exceed twenty-five years in prison on the sexual-abuse-in-the-second-degree charge, with a seventy percent minimum sentence. He was also sentenced to a term not to exceed ten years in prison on the lascivious-acts-with-a-child charge. Both sentences were to be served concurrently. The court also imposed a fine of $1000 on each charge.

## II.     Standard of Review

We review the district court's rulings on evidentiary matters for an abuse of discretion. *In re Detention of Blaise*, 830 N.W.2d 310, 315 (Iowa 2013). Our review of the legality of the sentence is for correction of errors at law. *State v. Keutla*, 798 N.W.2d 731, 732 (Iowa 2011).

## III.    Discussion

### A.     Deputy's Statement

Vance claims the deputy's statement should not have been played for the jury as the statement invaded the province of the jury. He claims the deputy's position of authority suggested the victim was telling the truth, and therefore, Vance was guilty.

Opinion evidence is not allowed to directly comment on whether the defendant is guilty or innocent. *State v. Hulbert*, 481 N.W.2d 329, 332 (Iowa 1992). There is a "fine but essential line" between opinions conveying conclusions as to guilt or innocence and those that might help a jury. *See State v. Myers*, 382 N.W.2d 91, 98 (Iowa 1986). Opinion testimony that suggests one

party is being truthful while another dishonest, implying an opinion on guilt or innocence, crosses this line.[1] *Id.* at 97–98. We find Deputy Michael's statement was non-testimonial in nature. An officer's stated opinion that a defendant was not being truthful during an interview is not testimony offered to impeach the witness. *See State v. Enderle*, 745 N.W.2d 438, 442–43 (Iowa 2007). As such, the testimony was properly admitted. *Id. Enderle* focused on the effect of the statement as an attack on credibility; however, we find the non-testimonial statements by Deputy Michael did not invade the jury's role and express an opinion Vance was guilty, particularly in light of Vance's later confession.

### B.      Sentence

The district court imposed a $1000 fine on each charge. The State concedes the fine for sexual abuse in the second degree was illegal. The fine was not mentioned during the sentencing but was later included in a written sentencing order. Both parties agree this case should be remanded to the district court for entry of an order nunc pro tunc to remove the fine from the sentencing order.

When the district court enters a sentence the law does not permit, the sentence is illegal. *State v. Hess*, 533 N.W.2d 525, 527 (Iowa 1995). A nunc pro tunc order is an appropriate remedy. *Id.*; Iowa R. Crim. P. 2.23(3)(g). We vacate that portion of the sentence imposing a fine for the offense of sexual abuse in the

---

[1] In *Myers*, an expert opinion suggested children are generally truthful when alleging sexual abuse, which contradicted the defendant's position and implied the victim was testifying truthfully. *Id.* at 92–98.

second degree and remand this case for resentencing consistent with this opinion.

**CONVICTIONS AFFIRMED, SENTENCE VACATED IN PART AND REMANDED.**

Potterfield, P.J., and Doyle, J. specially concur.

**POTTERFIELD, P.J.** (specially concurring)

I write separately because I disagree with the majority's analysis of the evidentiary issue raised by Detective Michael's statement: "This stuff happened to [the victim] . . . it did and we know that it did."[2] The majority treats the argument for redacting that statement from the recorded interview of Vance as an attack on Vance's credibility. My reading of the parties' briefs on appeal is that Vance objected to the admission into evidence of the detective's statement because it bolstered the credibility of the victim in this case where credibility was the principal issue for the jury to decide.

Detective Michael was presented by the State as an expert witness, recounting his experience and training as a member of the Iowa Sex Crimes Investigators Association. His questioning did include skepticism about Vance's credibility and those statements were admissible under the rationale of *Enderle* and to place Vance's answers in context. *See* 745 N.W.2d at 442–43.

The statement quoted above, on the other hand, simply conveyed to the jury the detective's belief in the credibility of the victim. "This stuff happened to [the victim] . . . and *we know that it did*" tells the jury the detective absolutely believed the victim and should have been redacted. *See Myers*, 382 N.W.2d at 97–98 ("In this case the trial court admitted expert testimony relating to the truthfulness of the complaining witness. We believe the effect of the opinion testimony was to improperly suggest the complainant was telling the truth and,

---

[2] Once Vance's motion in limine was denied, and this statement came in during the detective's direct examination, Vance attempted to dilute the credibility-bolstering effect of this statement in his cross-examination of the detective.

consequently, the defendant was guilty."); *see also State v. Pansegrau,* 524 N.W.2d 207, 210 (Iowa Ct. App. 1994) ("The Iowa courts have determined experts should not be allowed to give an opinion on matters that directly render an opinion on the credibility or truthfulness of a witness.").

While the district court abused its discretion in denying Vance's motion in limine, not all evidentiary errors require reversal of the district court. *State v. Sullivan*, 679 N.W.2d 19, 29 (Iowa 2004). The record affirmatively establishes Vance was not prejudiced by this evidence in light of his multiple confessions made minutes later in the same interview by the detective. *See id.* I therefore concur with the majority's decision to affirm Vance's conviction.

**DOYLE, J.** (specially concurring)

I concur but write separately. I agree the trial court did not abuse its discretion in admitting Deputy Michael's statement, and if there was an error, it was harmless in light of the facts of this case. However, I believe the better practice would have been the submission of a limiting instruction to the jury once the statement was admitted.

While the deputy's interview statement at issue—"This stuff happened to [the victim], John, and it did, and we know that it did"—was non-testimonial in nature, *see Enderle*, 745 N.W.2d at 442-43, it was evidence considered by the jury. The jury was instructed to base its verdict only on the evidence and the instructions. Further, the jury was instructed that exhibits received by the court were evidence. The audio recording of Vance's interview with the deputy was an exhibit received into evidence and played for the jury. In considering this evidence, a reasonable juror could well have inferred the statement at issue to be an opinion of a State's witness vouching for the victim's truthfulness, particularly since the deputy testified from a position of authority, as a peace officer, trained and experienced in sex abuse investigations and in interviewing suspected sex offenders. However, interrogation techniques employed by law enforcement officers need not be as pure as the driven snow.

Although not condoned by appellate courts, law enforcement officers may lie to a suspect, and do, in order to extract a confession. *See, e.g., State v. Oliver*, 341 N.W.2d 25, 28 (Iowa 1983) (noting that although deceptive interrogation tactics are disapproved, "[n]o per se rule of exclusion has

been . . . adopted; deception is merely considered as one of the factors in considering the overall question of voluntariness."); *State v. Boren*, 224 N.W.2d 14, 16 (Iowa 1974) ("We do not believe [the detective's] alleged 'trick question' constituted coercion."); *State v. Cooper*, 217 N.W.2d 589, 597 (Iowa 1974) ("Deception of any nature by representatives of the state cannot be condoned. However, we conclude deception standing alone does not render a waiver of constitutional rights involuntary as a matter of law unless the deceiving acts amount to a deprivation of due process."); *State v. Hofer*, 28 N.W.2d 475, 479 (Iowa 1947) ("Even the use of artifice, fraud or deception to obtain a confession does not render it inadmissible if the means employed are not calculated to procure an untrue statement."); *State v. Jennett*, 574 N.W.2d 361, 366 (Iowa Ct. App. 1997) ("The alleged deceptions about DNA and the search warrant did not render [the defendant's] confessions involuntary."); *see also* 29 Am. Jur. 2d *Evidence* § 744 (2008) ("Deceptive interrogation techniques alone do not establish coercion and render a confession involuntary.").

In view of this state of affairs, I believe limiting instructions should be given, such as: "Statements and questions by law enforcement officers during interviews with the defendant are not evidence to be considered for their truth. The defendant's answers and responses to those questions and statements are evidence," and we have previously suggested such an instruction be given when requested.  *See State v. Esse*, No. 03-1739, 2005 WL 2367779, at *3 (Iowa Ct. App. Sept. 28, 2005).  No such request was made here.

Nevertheless, "error in an evidentiary ruling that is harmless may not be a basis for relief on appeal." *State v. Parker*, 747 N.W.2d 196, 209 (Iowa 2008). In this case, in light of Vance's multiple confessions, the record here affirmatively establishes Vance was not prejudiced by the lack of a limiting introduction concerning the deputy's statement and any error was harmless. I therefore concur with the decision to affirm Vance's conviction.