STATE of Wisconsin, Plaintiff-Respondent,

v.

Rickey M. MOSS, Defendant-Appellant.†

Court of Appeals

*No. 91–1416–CR. Submitted on briefs November 18, 1991.—Decided January 8, 1992.*

(Also reported in 480 N.W.2d 526.)

†Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Terry W. Rose* of *Rose & Rose* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Stephen W. Kleinmaier,* assistant attorney general.

Before Brown, Anderson and Snyder, JJ.

SNYDER, J. Rickey Moss appeals from a judgment convicting him as party to the crime of possession of cocaine with intent to deliver, as a repeater, secs. 161.16(2)(b), 161.41(1m)(c)1, 939.05 and 939.62, Stats. Moss pleaded guilty after his motion to suppress the evidence was denied. The issue is whether the evidence should have been suppressed because officers executing a search warrant used a ruse to gain entry to a dwelling. We conclude that the ruse did not violate the announcement rule and affirm.

Detective Paul Falduto of the Kenosha County Sheriff's Department was the only witness at the suppression hearing. He testified that he participated in the execution of a search warrant in Kenosha at approximately 6:45 p.m. on December 5, 1990. The warrant authorized a search of the lower apartment in a two-apartment building. It did not authorize a "no-knock" entry. Falduto, accompanied by other officers who at first remained out of sight, knocked at the door of the lower flat. He was wearing jeans, a sweater and a corduroy jacket and was holding a pizza wrapper. A man later identified as Moss looked out through the window in the door. Falduto said, "Pizza." Moss opened the door one-half to two-thirds and stopped. Falduto said, "Police, search warrant." As he did so, another officer wearing a black "raid jacket" and "raid hat," both with badges, stepped next to him. Moss attempted to close the door. Falduto put his leg in the doorway and prevented its closing, then pushed his way into the apartment. Moss continued to apply force to the door as the officer pushed in.

In an affidavit supporting his motion, Moss told essentially the same story. However, he averred that "as [he] was opening the door, people rushed in hollering 'search warrant, search warrant,' " and that they were not uniformed officers. It appears that the trial court resolved any inconsistency between these accounts in favor of the officer.

██

The trial court denied the motion. Moss pleaded guilty and now appeals under sec. 971.31(10), Stats. Whether a search complies with the fourth amendment is a question of law which we decide *de novo*. *State v. Cleveland,* 118 Wis. 2d 615, 627, 348 N.W.2d 512, 519 (1984).

Moss relies primarily on the following passages from *Cleveland:*

> The requirement that police officers seeking to enter a dwelling in execution of a warrant must announce their presence (identity) and purpose and allow time for the door to be opened, known as the rule of announcement, has long been recognized in Anglo-American common law . . ..
>
> . . ..
>
> The rule of announcement addresses the manner in which a legitimate government intrusion is to take place. The rule serves three important purposes: (1) protecting the individual's privacy in the home; (2) decreasing the potential for violence by alerting the resident that the officer is legitimately on the premises; and (3) preventing the physical destruction of property by giving the resident the opportunity to admit the officer voluntarily.
>
> In addition to its common law heritage, the rule of announcement is generally viewed as one of federal constitutional dimension. *Ker v. California,* 374 U.S. 23 (1963), is regarded as authority for the proposition that "the rule of announcement is a constitutional requirement implicit in the fourth amendment proscription against unreasonable searches and seizures." Sonnenreich and Ebner, No-Knock and Nonsense, An Alleged Constitutional Problem, 44 St. John's L. Rev. 626, 643 (1970). . . .
>
> . . ..
>
> This court has recognized that the rule of announcement is applicable to the execution of warrants in this state. *When seeking entrance to a dwelling to execute a warrant, "a police officer must identify himself and his purpose and, except under special circumstances, allow time for the door to be opened." Morales v. State,* 44 Wis. 2d 96, 106, 170 N.W.2d 684 (1969).

*Id.* at 622-25, 348 N.W.2d at 516-18 (emphasis added; footnotes omitted).

Moss argues that the officers violated the rule of announcement by stating "pizza" and not identifying themselves or their purpose before he opened the door. In particular, Moss argues that the evidence must be suppressed because the officers did not identify themselves, did not allow time for the door to be opened, the warrant did not authorize entry without announcement or time for the door to be opened, and the officers forcibly entered. We reject his argument.

██

The search in *Cleveland* was a "no-knock," where officers entered an occupied, unlocked cabin without warning or announcement. *Id.* at 620, 348 N.W.2d at 516. The court's emphasis was that announcement is preferred to surprise entry and should be the rule except in special circumstances. *Id.* at 626-27, 348 N.W.2d at 518-19. *Cleveland* does not forbid ruses or hold that officers must identify themselves immediately upon contacting a dwelling to be searched. The announcement rule applies to officers' attempts to physically enter, not to contact.

██

We need not consider whether special circumstances justified a "no-knock" entry in Moss' case because this was not such a search. Although officers used a ruse to induce him to open the door, they did not attempt to enter until they had identified themselves, orally and visually, and announced their purpose. When they did so, Moss began to close the door on them. Their forceful entry was in response to Moss' apparent intent to block them. It is undisputed that officers are entitled to make a reasonable, forcible entry after announcing their presence and purpose. Although their entry in this case

occurred very shortly after their announcement, Moss already had opened the door, was aware of their presence and purpose, and had shown his intent to impede them.

Other authorities have concluded that ruses do not violate the announcement rule and comport with the rule's underlying goals. For example, in *United States v. Covington*, 385 A.2d 164, 167 (D.C. 1978), the court said:

> This sort of ruse fulfills several purposes, all of which are consistent with the purposes of the announcement rule. By obtaining a peaceful confrontation with the occupant through a successful ruse in order to execute a search warrant, the police obviate the need to forcibly enter, eliminate damage to private property such as the door, and reduce the likelihood that the occupants will be able to destroy evidence, flee, or arm themselves against the officers. If the ruse is unsuccessful, i.e., peaceful entry is not gained, then the police still have the alternative of complying with the appropriate announcement requirements.

*See also* 2 W. LaFave, *Search and Seizure* sec. 4.8(b) at 275–76 (2d ed. 1987).

■

Responding to each of Moss' arguments, we conclude that the officers identified themselves at an appropriate time, they allowed Moss an opportunity to open the door before entering, it was not necessary for the warrant to authorize entry without announcement because the officers did not do this, and their forcible entry was reasonable in view of Moss' effort to close the door. The court properly denied Moss' motion to suppress.

*By the Court.*—Judgment affirmed.