COMMONWEALTH *vs.* DARLENE GOGGIN
(and three companion cases[1]).

Middlesex. February 4, 1992. - March 11, 1992.

Present: LIACOS, C.J., NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Search and Seizure*, Consensual entry by police, Warrant.

A judge erred in allowing criminal defendants' motions to suppress evidence on the ground that police had violated the "knock and announce" rule in executing the warrant authorizing a search of the defendants' apartment, where there was adequate evidence in the record to support a finding that the police had entered the apartment only after an appropriate identification and announcement of their purpose, and where the ruse used by the police to have the defendants open the door to the apartment was not improper. [202-203]

INDICTMENTS found and returned in the Superior Court Department on September 6, 1990.

Pretrial motions to suppress evidence were heard by *Paul A. Chernoff*, J.

The Commonwealth's application for an interlocutory appeal, filed in the Supreme Judicial Court for the county of Suffolk, was allowed by *O'Connor*, J., and the appeal was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the matter from the Appeals Court.

*Lynn C. Rooney*, Assistant District Attorney (*Rosemary D. Mellor*, Assistant District Attorney, with her) for the Commonwealth.

*Daniel Solomon* for Denise Goggin.

*Paul Cacchiotti*, for Darlene Goggin, was present but did not argue.

---

[1]Two against Denise Goggin and one against Darlene Goggin.

GREANEY, J. This is the Commonwealth's interlocutory appeal (transferred by us from the Appeals Court) from an allowance by a Superior Court judge of the defendants' motions to suppress evidence obtained by the Somerville police as a result of searching the defendants' apartment. In allowing the defendants' motions, the judge ruled that the police had violated the "knock and announce" rule in executing the warrant which authorized the search.

The judge made the following findings of fact with regard to the execution of the search warrant. On June 8, 1990, at 7:10 P.M., eight officers of the Somerville police department arrived at a two-family house at 28 Pearson Road with a warrant to search the first-floor apartment. The warrant, which authorized an entry at night, required the officers to knock and announce their identity before entering. The two defendants, who are sisters, occupied the first floor apartment. One of the police, Officer Martha Costa, knew the defendants because she had coached them in sports years earlier.

The front door of the house led into a small common hallway. As this door was unlocked and ajar, the police entered the hallway and knocked on the downstairs apartment door. A female voice inside the apartment asked, "Who is it?" to which Officer Costa replied, "Pop Warner." When no one responded, a police officer again knocked and again heard from within, "Who is it?" Officer Costa responded, "Somerville Pop Warner." The officers then heard a woman inside say, "I don't know who it is," after which one of the defendants opened the door. On seeing the police officers with badges on neck chains, she immediately attempted to close the door. However, an officer held his hand out across the threshold of the doorway and prevented the door from being closed. Before stepping into the apartment, the police announced their identity, authority, and purpose. A search of the dwelling uncovered approximately fourteen grams of cocaine, some marihuana, other drug paraphernalia, and $324 in cash.

The defendants were arrested on the basis of the evidence seized during the search, and they were indicted for trafficking in cocaine in violation of G. L. c. 94C, § 32E (*b*) (1) (1990 ed.), and possession of marihuana with intent to distribute in violation of G. L. c. 94C, § 32C (1990 ed.). The defendants subsequently filed their motions to suppress, arguing that the police had violated the terms of the search warrant because, after using a ruse to induce one of the defendants to open the door to the apartment, a police officer held the door open and prevented it from being closed while the police announced their purpose and entered. The judge agreed with this argument, ruled that the knock and announce rule had been violated, and granted the motions to suppress. We reverse.

Our knock and announce rule is one of common law which is not constitutionally compelled. *Commonwealth* v. *Sepulveda*, 406 Mass. 180, 181 (1989), and cases cited. The reasons supporting the rule are the desirability of "decreasing the potential for violence [initiated by residents in response to a sudden and unexpected invasion of their premises, provoking further retaliatory violence by the police], protection of privacy, and the prevention of unnecessary damage to homes." *Commonwealth* v. *Cundriff*, 382 Mass. 137, 146 (1980), cert. denied, 451 U.S. 973 (1981). A consensual entry by the police, even if obtained by ruse or trickery, will not violate the rule. *Commonwealth* v. *Sepulveda*, *supra* at 182-183.

The use of the "Somerville Pop Warner" ruse by the police to have the door opened was not improper. Although the defendant on opening the door may have been surprised to see a group outside, the identity of the police should have been immediately obvious to her from the badges around their necks. Further, as the judge found, "[b]efore stepping into the apartment the police [formally] announced their identity, authority and purpose." The reasons behind the rule were satisfied — there was no real likelihood of violence, no unwarranted intrusion on privacy, and no damage to the apartment.

Referring to the *Cundriff* decision, *supra*, the defendants maintain that the police officer's act of placing his hand in the door constituted an improper entry. We do not agree. While a police officer's hand may have technically crossed the frame of the door into the apartment, none of the officers stepped into the apartment until they had announced their identity and purpose. In addition, the police officer placed his hand in the door only after the defendant who answered the door had seen the officers' badges, which had revealed to her that she was being confronted by the police. Since the police did not force entry without appropriate identification and an announcement, the terms of the warrant were satisfied. The case, therefore, is clearly different from *Cundriff*. In *Cundriff*, the police knocked on an apartment door, and when asked by a woman, "Who is it?" replied, "School bus." After the woman opened the door, several officers rushed inside with their weapons drawn. This entry was referred to by the court as "violent," *id.* at 147-148 & n.17, but justified, *id.* at 148, and, unlike the entry here, it was accomplished by the police without benefit of identification or announcement of purpose and authority. Cf. *Commonwealth* v. *Manni*, 398 Mass. 741, 742 (1986) (on a "knock and announce" warrant announcement of police presence and purpose not made until after officer had entered the premises; "no knock" provision could have been properly obtained).

The order suppressing the evidence seized from the defendants' apartment is reversed. The defendants' motion for the award of appellate attorney's fees pursuant to Mass. R. Crim. P. 15 (d), 378 Mass. 882 (1979), is allowed.

*So ordered.*