STATE of Wisconsin, Plaintiff-Respondent,

v.

Rickey M. MOSS, Defendant-Appellant-Petitioner.

Supreme Court

*No. 91–1416–CR. Oral argument September 15, 1992.—Decided December 11, 1992.*

(Also reported in 492 N.W.2d 627.)

For the defendant-appellant-petitioner there was a brief by *Terry W. Rose* and *Rose & Rose,* Kenosha and oral argument by *Terry W. Rose.*

For the plaintiff-respondent the cause was argued by *Stephen W. Kleinmaier,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

JON P. WILCOX, J.   This is a review under sec. (Rule) 809.62, Stats., of a court of appeals decision, *State v. Moss,* 166 Wis. 2d 733, 480 N.W.2d 526 (Ct. App. 1992), affirming a judgment convicting Moss as party to the crime of possession of cocaine with intent to deliver, as a repeater, secs. 161.16(2)(b), 161.41(1m)(c)1, 939.05, and 939.62, Stats. Moss contends that his motion to suppress evidence should have been granted because the

police officers executing a search warrant used a ruse to gain entry to his dwelling in violation of the Fourth Amendment to the United States Constitution.[1] We conclude that the use of a ruse to gain entry to a dwelling in the execution of a search warrant does not violate the Fourth Amendment. Therefore, we affirm.

The single issue for review is whether the use of a ruse by police officers in the execution of a search warrant violates the Fourth Amendment.

The relevant facts are not in dispute. At approximately 6:45 p.m. on December 5, 1990, Detective Paul Falduto along with four members of the Kenosha County Sheriff's Department and two or three members of the Kenosha Police Department executed a search warrant in Kenosha. The warrant authorized a search of a lower apartment in a two-apartment building. The warrant did not authorize a no-knock entry.

Falduto, accompanied by the other officers who initially remained out of sight, knocked on the door of the lower flat. Falduto was wearing a sweater, jeans and a corduroy jacket. He was holding a pizza wrapper in his hand. Falduto stated, "pizza" when Moss looked through a window in the door. Falduto heard the door being unlocked. Moss opened the door one-half to two-thirds of the way. As soon as the door opened Falduto stated, "police, search warrant." As the door was opened, two other officers stepped next to Falduto. Sergeant Harden was wearing a black raid jacket with badges on the left

---

[1] The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

lapel and hat. The other officer was dressed in a Kenosha police department uniform. Moss then attempted to shut the door. Falduto put his leg in the doorway to prevent the door from closing. Falduto pushed the door open and entered the apartment.

Falduto testified that he was not sure he was able to complete saying, "police, search warrant" before Moss began to close the door; but he completed the expression before he put his leg in the doorway.

The search warrant was obtained after a confidential informant purchased drugs from Moss at the residence. The informant told officials that the door contained extra locking devices that would slow down or prevent any attempted police entry. The informant also told the officers that the occupant of the apartment kept the controlled substances close by and would destroy the evidence if officers attempted to enter the residence.

The trial court denied the motion to suppress evidence. Judge David Bastianelli, Kenosha County Circuit Court, held that the officers did not violate the rule of announcement as set forth in *State v. Cleveland,* 118 Wis. 2d 615, 622, 348 N.W.2d 512 (1984), which requires officers to announce their presence and purpose and allow time for the door to be opened before entering a dwelling to execute a search warrant. The trial court found that the officers possessed reliable information that the door to the apartment was reinforced with extra locking devices that would slow down or prevent any police entry and that the occupant of the apartment intended to quickly destroy the evidence if police attempted to enter the apartment. Moss then pled guilty to the crime of possession of cocaine with intent to deliver as a repeater pursuant to secs. 161.16(2)(b), 161.41(1m)(c)1, 939.05 and 939.62, Stats. Moss appealed his conviction. The court of appeals affirmed. The court

of appeals concluded that the police officers complied with the rule of announcement and their forcible entry was reasonable in view of Moss's effort to close the door.

The constitutional reasonableness of a search and seizure is a question of law which this court decides de novo. *State v. Williams,* 168 Wis. 2d 970, 980–81, 485 N.W.2d 42 (1992).

The Fourth Amendment proscription against unreasonable searches and seizures requires that there be probable cause to undertake the search or make the seizure and that the search or seizure be conducted in a reasonable manner. *Williams,* 168 Wis. 2d at 981. In this case, the defendant does not challenge the validity of the search warrant; there is no question that the police possessed probable cause to search the Moss apartment. The only question is whether the search was conducted in a reasonable manner.

The rule of announcement addresses the manner in which a legitimate government intrusion is to take place. *Id.* The rule of announcement requires police officers seeking to enter a dwelling in execution of a search warrant to announce their identity and allow time for the door to be opened voluntarily. *Id.; Cleveland,* 118 Wis. 2d at 624–25. In addition to its common law heritage, the rule of announcement is generally viewed as one of federal constitutional dimension. *Cleveland,* 118 Wis. 2d at 623. The announcement rule serves three important purposes: (1) protecting the individual's privacy in the home; (2) decreasing the potential for violence by alerting the resident that the officer is legitimately on the premises; and (3) preventing the physical destruction of property by giving the resident the opportunity to admit

115

the officer voluntarily. *Williams,* 168 Wis. 2d at 981–82; *Cleveland,* 118 Wis. 2d at 623.

██

Strict adherence to the rule of announcement is not required when the circumstances encountered by the officers at the time the warrant is executed justify a departure from the rule. *Cleveland,* 118 Wis. 2d at 625; *State v. Suits,* 73 Wis. 2d 352, 356, 243 N.W.2d 206 (1976). Such circumstances include a reasonable belief that announcement of police presence would endanger the safety of the police or others, or a reasonable belief that departure from the rule is required to prevent the destruction of evidence. *Williams,* 168 Wis. 2d at 982; *Cleveland,* 118 Wis. 2d at 624.

In *Cleveland,* this court held that a no-knock entry in execution of a search warrant was constitutionally unreasonable where the law enforcement officers lacked particular grounds to give them reasonable cause to believe that the evidence, which consisted of illegal drugs, would be destroyed. *Cleveland,* 118 Wis. 2d at 634. There was no indication in *Cleveland* that the suspected drug dealers were armed or had taken other security precautions that would place officers in danger if they announced their presence before entering. The present case is distinguishable from *Cleveland* because it is characterized by police knowledge that the suspected drug dealer intended to destroy evidence and that the premises were protected by a reinforced door. Furthermore, the officers did not use a no-knock entry. Detective Falduto announced his identity and purpose before entering the Moss apartment.

This court upheld as reasonable a search where officers knocked on the door and when the door was partially opened forced their way in before announcing their identity and purpose. *State v. Meier,* 60 Wis. 2d

452, 458, 210 N.W.2d 685 (1973). This court held that the police were justified in entering the premises before announcing their identity and purpose to protect both themselves and possibly others. *Meier*, 60 Wis. 2d at 457.

In the instant case, Detective Falduto announced, "police, search warrant," even before entering Moss's apartment. Moss was given opportunity to view the uniformed officers through the door before the officers attempted to enter his apartment. This is less of a deviation from the rule of announcement than occurred in *Meier*. In *Meier*, officers entered a defendant's premises before the defendant had an opportunity to view them and before the officers announced their identity and purpose.

The purposes of the rule of announcement were not offended by the pizza delivery ruse: (1) there was no invasion of privacy because the occupants were expecting somebody to enter their premises; (2) there was not an unexpected entry which could result in violence; and (3) there was no damage to property. *See* 2 Wayne R. LaFave, *Search and Seizure,* sec. 4.8(b) (2d ed. 1987). The United States Supreme Court recognized "it is generally left to the discretion of the executing officers to determine the details of how best to proceed with the performance of a search authorized by warrant—subject of course to the general Fourth Amendment protection 'against unreasonable searches and seizures.' " *Dalia v. United States,* 441 U.S. 238, 257 (1979). The use of a ruse to effect an entry in the execution of a search warrant does not violate the Fourth Amendment.

Other jurisdictions recognize that the use of a ruse does not violate the Fourth Amendment.[2] In *Common-*

---

[2] *See Commonwealth v. Goggin,* 587 N.E.2d 785 (Mass. 1992); *United States v. Salter,* 815 F.2d 1150 (7th Cir. 1987); *Ryals v. State,* 498 So.2d 1365 (Fla. Dist. Ct. App. 1986); *State v.*

*wealth v. Duncan,* 390 A.2d 820 (Pa. Super. Ct. 1978), a state trooper executing a search warrant knocked on the front door of the residence. When a woman came to the front door and asked who was there, the trooper replied, "Jimmy." As the woman opened the door, the trooper said, "state police, search warrant," and proceeded past her to the rear portion of the home. Other officers were present outside the door in full uniform. The court in holding that the ruse did not violate the rule of announcement, stated:

> Violence, personal injury and property damage can be eliminated by employing a ruse. One's right of privacy is voluntarily surrendered when he opens his door to outsiders. The possibility that one will succeed in attempting to destroy evidence, as might occur when there is forewarning of police presence prior to opening the door, is greatly curtailed. On balance, the use of deception does not threaten the purposes underlying the "knock and announce" rules. We would therefore adopt the rule that a ruse or misrepresentation, as allegedly occurred in the instant case, is permissible in the execution of a search warrant if, once a person voluntarily opens the door, the police then announce their authority and purpose prior to entry and do not use force where exigent circumstances do not require it.

*Duncan,* 390 A.2d at 825.

*Myers,* 689 P.2d 38 (Wash. 1984); *Palmer v. State,* 426 So.2d 950 (Ala. Crim. App. 1983); *State v. Iverson,* 272 N.W.2d 1 (Ia. 1978); *United States v. Covington,* 385 A.2d 164 (D.C. 1978); *Commonwealth v. Duncan,* 390 A.2d 820 (Pa. Super. Ct. 1978); *State v. Darroch,* 492 P.2d 308 (Or. Ct. App. 1971); *United States v. Syler,* 430 F.2d 68 (7th Cir. 1970); *see also* 2 LaFave, *Search and Seizure,* sec. 4.8(b) 275 n.30.

The circumstances in *Commonwealth v. Goggin,* 587 N.E.2d 785 (Mass. 1992), are strikingly similar to those in the present case. In *Goggin,* police officers obtained a search warrant for the defendant's apartment. The warrant did not authorize a no-knock entry. One officer knocked on the apartment door. A female voice inside the apartment asked, "Who is it?" The officer replied, "Sommerville Pop Warner." One of the defendants then opened the door. On seeing the police officers outside with badges on neck chains, the defendant immediately attempted to close the door. An officer held his hand out across the threshold of the doorway and prevented the door from being closed. Before stepping into the apartment, the police announced their identity and purpose.

The *Goggin* court held that the use of a ruse by the police to entice the defendant to open the door in the execution of a search warrant did not violate the rule of announcement. *Goggin,* 587 N.E.2d at 787. In so holding, the *Goggin* court stated that "[t]he reasons behind the rule were satisfied—there was no real likelihood of violence, no unwarranted intrusion on privacy, and no damage to the apartment." *Id.* We agree with the line of reasoning utilized by the *Goggin* court.

We hold that the guiding factor in determining whether a ruse entry in the execution of a search warrant is unreasonable under the Fourth Amendment should be whether the tactic frustrates the purposes of the rule of announcement. *State v. Myers,* 689 P.2d 38, 42 (Wash. 1984). As mentioned above, those purposes are: (1) protection of the occupant's right to privacy; (2) reduction of potential violence; and (3) prevention of unnecessary property damages. Each of these purposes was promoted by the pizza delivery ruse.

There is at most a minimal invasion of privacy where police officers utilize a ruse to gain entry to execute a search warrant. *Myers*, 689 P.2d at 42-43. The occupant's right of privacy is severely limited where the police have satisfied the Fourth Amendment's probable cause and warrant requirements. *Id.* at 42. The officers possess the authority to intrude upon the privacy of the home regardless of the occupant's wishes and irrespective of his activity at the time of the intrusion. *Id.* at 42-43. Entry by ruse is less intrusive than the typical no-knock entry where the occupant is not forewarned that anyone is entering. Ruse entries are invariably characterized by some degree of advance notice; the occupant is expecting an entry. *Myers*, 689 P.2d at 43. We agree with the *Myers* court which stated:

> In short, it seems that since an occupant cannot deny entry to police in possession of a search warrant, he loses nothing in terms of privacy when the officers fail to state their actual authority and purpose, but rather obtain permission to enter by means of a trick or ruse. The underlying purpose of protecting the privacy of the home is not threatened by ruse entries. Thus, the mere fact that a ruse has been used does not violate a defendant's right to be free from unreasonable search and seizure.

*Id.*

The violence associated with drug trafficking today places law enforcement officers in extreme danger. *Williams*, 168 Wis. 2d at 984. The pizza ruse prevented violence by encouraging Moss to open the door. There was not an unexpected entry which could result in violence. Ruse entries such as that in the present case lack the element of surprise, thereby reducing the chance of confrontation. *Myers*, 689 P.2d at 42.

120

A ruse entry that encourages the occupant to open the door prevents unnecessary property damage. *Id.* In the instant case, police officers had reason to believe that the door was reinforced with extra locks which would require them to break down the door to enter. The ruse encouraged Moss to open the door which prevented property damage.

The ruse was justified because police reasonably feared evidence would be destroyed if they knocked at the door and announced their true identity. An informant warned the police that the door to the Moss apartment was reinforced with extra locking devices that would slow the police down long enough to allow Moss time to destroy the evidence contained in his apartment. The ruse was less of an invasion of privacy than a no-knock entry. The police stated their identity and purpose as soon as Moss opened the door. The ruse prevented evidence from being destroyed and accomplished all of the purposes of the rule of announcement.

■

Moss argues that this court should adopt a rule that when police intend to use a ruse to enter premises in the execution of a search warrant, the search warrant must specifically authorize the ruse. We refuse to adopt such a rule. The Fourth Amendment does not require that the law enforcement officers obtain permission from a judge to utilize a ruse in the execution of a search warrant. The United States Supreme Court stated:

> Nothing in the decisions of this Court, however, indicates that officers requesting a warrant would be constitutionally required to set forth the anticipated means for execution even in those cases where they know beforehand that unannounced or forced entry likely will be necessary.

*Dalia,* 441 U.S. at 257 n.19.

It should be noted that the present case does not involve a no-knock entry as occurred in *Williams* and *Cleveland.* Recently, this court held that whenever police officers possess sufficient information at the time of the application for a search warrant that justifies dispensing with the announcement rule and engaging in a no-knock entry, they should present such information to a judge for the determination of whether to authorize the no-knock entry. *Williams,* 168 Wis. 2d at 986. The judge's decision whether to grant the no-knock entry should be clearly stated on the face of the search warrant. *Id.*

We hold that a ruse is constitutionally distinguishable from a no-knock entry. We find nothing in the Fourth Amendment or case law interpreting that amendment which would require police to obtain judicial approval before employing a ruse to gain entry to a dwelling when executing a search warrant.

In the instant case, the police stated their identity and purpose prior to entering the apartment. Moss was given an opportunity to view the fully uniformed officers before he attempted to shut the door. The officers were justified in using force to push open the door after Moss attempted to close it. *See* sec. 968.14, Stats. The ruse satisfied all of the purposes for the rule of announcement. Further, the ruse was necessary to prevent the destruction of evidence and protect the safety of police officers and the occupants. Therefore, the search was reasonable under the Fourth Amendment.

*By the Court.*—The decision of the court of appeals is affirmed.

Justice DONALD W. STEINMETZ, took no part.

SHIRLEY S. ABRAHAMSON, J. *(dissenting)*. I conclude that law enforcement officers may use a ruse to obtain entry to a dwelling to execute a search warrant under those circumstances that would justify a no-knock entry. In *State v. Williams,* 168 Wis. 2d 970, 485 N.W.2d 42 (1992), we stated that "whenever police officers possess sufficient information at the time of the application for a search warrant that justifies dispensing with the announcement rule, they should present such information to a judge for the determination of whether to authorize the no-knock entry by police." 168 Wis. 2d at 986. Police officers who know, at the time they apply for a warrant, of circumstances that would justify entry by a ruse should likewise present the information to a judge. In this case, circumstances justifying a ruse were known to law enforcement officers at the time they applied for the warrant. Accordingly, I dissent.

I am authorized to state that Chief Justice NATHAN S. HEFFERNAN joins this dissenting opinion.