Cynthia Lane ADCOCK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 97–SC–000133–DG.

Supreme Court of Kentucky.

April 16, 1998.

G. Murray Turner, Paul A. Casi, II, Mulhall, Turner, Hoffman & Coombs, P.L.L.C., Louisville, for Appellant.

A.B. Chandler III, Attorney General, Ian G. Sonego, Assistant Attorney General, Frankfort, for Appellee.

## OPINION

GRAVES, Justice.

Appellant, Cynthia Adcock, was convicted in the Jefferson Circuit Court for trafficking in a controlled substance and for illegal possession of drug paraphernalia. She was sentenced to five years imprisonment. In this discretionary review, we are presented with the constitutional implications of police officers using a ruse to gain entry into Appellant's residence for the purpose of executing a search warrant. After reviewing the record and hearing oral argument, we conclude that there was no violation of Appellant's constitutional right to be free from unreasonable searches and seizures. U.S. Const. amend. IV and Ky. Const., § 10.

On July 6, 1993, a judge issued a search warrant for Appellant's residence, vehicle and person to search for controlled sub-stances (including Dilaudid), drug paraphernalia, and records or money from the sale of such substances. The affidavit in support of the search warrant was based upon information obtained from a confidential informant. The warrant stated that Appellant possessed a quantity of Dilaudid pills and that she was known to package the drugs in balloons for the purpose of sale. Based upon the informant's information and the officers' past experience in dealing with arrests involving Dilaudid, the officers took precautionary measures to prevent Appellant's disposing of the drugs by swallowing the balloons, as was a common practice for concealing drugs of this type. Specifically, the officers used a ruse in executing the search warrant to gain entry into Appellant's residence.

On the evening of July 6, 1993, five Jefferson County Metro Narcotics Officers went to Appellant's residence. An officer, disguised as a pizza delivery person, knocked on the door. Appellant opened the locked door and informed the disguised officer that she had not ordered a pizza. The officer asked Appellant if she wanted the pizza and she refused. The disguised officer then identified himself as police and entered through the opened door. Upon entering the residence, the officer sat Appellant on a couch next to the door. A second uniformed officer introduced himself and read the search warrant to Appellant. The search of Appellant's residence produced nineteen Dilaudid tablets and drug paraphernalia.

Appellant moved to suppress the evidence seized pursuant to the search warrant on the grounds that the officers violated the "knock and announce" rule in gaining entry to her residence. At the suppression hearing, the officer who posed as the pizza delivery person testified that once Appellant refused him entry, he announced "police" and immediately entered the residence. The second officer testified that he announced "police, search warrant" before entering the premises. The second officer further testified that after entering the residence, he secured Appellant, showed her the search warrant describing the items to be seized, and explained that she would receive a copy of the warrant. The officers again explained to the trial court that

they employed a ruse because individuals suspected of trafficking Dilaudid frequently attempt to dispose of the pills by swallowing them in an effort to avoid seizure by police.

Appellant's description of the incident differed. She testified that as soon as she refused entry to the "pizza man", he grabbed her and threw her onto the couch. Appellant testified that she did not hear anyone yell "police" prior to the officers entering her residence. Further, she contended that it was almost two hours later when she was shown the search warrant.

The trial court denied the motion to suppress the evidence seized from Appellant's residence. The trial court stated in its memorandum opinion, "In a situation where the police have used a ruse to enter, the rationale for the [knock and announce] rule is not available since the occupant has voluntarily opened the door, and consequently, entry by 'ruse' is permissible. *See e.g., United States v. Salter*, 815 F.2d 1150 (7th Cir.)." In response to Appellant's motion for additional findings, the trial court issued a second memorandum opinion, specifically finding that (1) by virtue of the ruse, Appellant opened the door; (2) once she opened the door, Appellant refused entry; (3) the officers announced "police" after the door was opened, and subsequently entered; and (4) although the officers did not wait a long time before entering, the time was sufficient to fall within the parameters of the "knock and announce rule."

Thereafter, Appellant entered a conditional guilty plea to trafficking in a controlled substance in the first degree and to illegal possession of drug paraphernalia. On appeal, the Court of Appeals affirmed her conviction, holding,

> [W]hen police officers execute a search warrant on a personal residence by conducting a successful ruse that results in the occupant voluntarily opening the door which is followed by the officers announcing their identity and purpose prior to entering the home, these actions are reasonable within the requirements of the Fourth Amendment.

This Court granted discretionary review. Additional facts will be set forth as necessary in the course of the opinion.

As noted by the Court of Appeals, RCr 9.78 provides the procedure for conducting hearings on suppression motions, as well as the standard for appellate review of the trial court's determination. "If supported by substantial evidence the factual findings of the trial court shall be conclusive." RCr 9.78. When the findings of fact are supported by substantial evidence, as we conclude they are herein, the question necessarily becomes, "whether the rule of law as applied to the established facts is or is not violated." *Ornelas v. United States*, 517 U.S. 690, 697, 116 S.Ct. 1657, 1662, 134 L.Ed.2d 911 (1996) (citing *Pullman–Standard v. Swint*, 456 U.S. 273, 289, n. 19, 102 S.Ct. 1781, 1791, n. 19, 72 L.Ed.2d 66 (1982).

■ Both the Fourth Amendment to the United States Constitution and Section 10 of the Kentucky Constitution protect the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. In *Wilson v. Arkansas*, 514 U.S. 927, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995), the United States Supreme Court held that the Fourth Amendment incorporates the common law requirement that police officers entering a dwelling must knock on the door and announce their identity and purpose before attempting forcible entry. *Id.* at 933, 115 S.Ct. at 1918. The knock and announce rule has three purposes: (1) to protect law enforcement officers and household occupants from potential violence; (2) to prevent the unnecessary destruction of private property; and (3) to protect people from unnecessary intrusion into their private activities. *Id.*

However, "[t]hat is not to say, of course, that every entry must be preceded by an announcement. The Fourth Amendment's flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interests." *Id.* at 934, 115 S.Ct. at 1918. The *Wilson* court left "to the lower courts the task of determining the circumstances under which an unannounced

entry is reasonable under the Fourth Amendment." *Id.* at 936, 115 S.Ct. at 1919.

The Court has recognized that the knock and announce requirements could yield when exigent circumstances are present. "In order to justify a no-knock entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence." *Richards v. Wisconsin,* 520 U.S. 385, — — — —, 117 S.Ct. 1416, 1421–1422, 137 L.Ed.2d 615 (1997). The Court in *Richards* did note, however, that there is no blanket exception to the knock and announce rule in felony drug investigations, but rather "it is the duty of a court confronted with the question to determine whether the facts and circumstances of the particular entry justified dispensing with the knock and announce requirement." *Id.*

Appellant argues that a ruse, like a no-knock entry, may be employed only in the presence of exigent circumstances. Appellant concludes that since none existed in this case, police were bound by the knock and announce requirements. Thus, the issues before this Court are whether a ruse may be used in the absence of exigent circumstances, and whether the ruse employed by the police in this case, and the announcement and entry that followed, was unreasonable under the Fourth Amendment because it frustrated the purposes of the knock and announce rule. Inasmuch as this jurisdiction has not addressed the knock and announce rule, we look to the federal court and other jurisdictions for guidance.

■ A ruse is constitutionally distinguishable from a no-knock entry. *State v. Moss,* 172 Wis.2d 110, 492 N.W.2d 627 (1992), *cert. denied,* 507 U.S. 977, 113 S.Ct. 1428, 122 L.Ed.2d 796 (1993), *overruled · on other grounds* by *State v. Stevens,* 181 Wis.2d 410, 511 N.W.2d 591 (1994). In *Moss,* officers employed a pizza delivery ruse virtually identical to this case. When the defendant opened the door, officers announced "police,

search warrant." As the defendant attempted to close the door, one officer placed his foot in the doorway to prevent the door from closing, and pushed his way in. In upholding the use of ruse to gain entry, the Wisconsin Supreme Court found that the police action did not constitute a no-knock entry because the officer did, in fact, announce his presence and purpose before entering the defendant's residence. *Id.* 492 N.W.2d at 630. Furthermore, the court held that the use of the ruse to entice the defendant to open the door in the execution of a search warrant did not violate the Fourth Amendment or the knock and announce rule because "the reasons behind the rule were satisfied—there was no real likelihood of violence, no unwarranted intrusion on privacy, and no damage to the [defendant's residence]." *Id.* at 631; *see also Wilson, supra,* and *Commonwealth v. Goggin,* 412 Mass. 200, 587 N.E.2d 785 (1992).

In fact, notwithstanding the presence of exigent circumstances, federal and state courts in interpreting either knock and announce statutes or the common law knock and announce rule are in general agreement that there is no constitutional impediment to the use of subterfuge. Entry obtained through the use of deception, accomplished without force, is not a "breaking" requiring officers to first announce their authority and purpose. *United States v. Salter,* 815 F.2d 1150 (7th Cir.1987); *United States v. Contreras–Ceballos,* 999 F.2d 432 (9th Cir.1993); *Hawaii v. Dixon,* 83 Hawai'i 13, 924 P.2d 181 (1996); *State v. Myers,* 102 Wash.2d 548, 689 P.2d 38 (1984); *Commonwealth v. DeCaro,* 298 Pa.Super. 32, 444 A.2d 160 (1982); *State v. Iverson,* 272 N.W.2d 1 (Iowa 1978).

The trial court in this case relied on *Salter, supra,* in which an officer, posing as a hotel clerk, telephoned appellant's hotel room and requested her to come to the front desk. When appellant opened the door, officers positioned outside of her hotel room prevented her from closing the door and immediately entered the room. The Seventh Circuit engaged in a statutory analysis and held that there was no "breaking" and thus 18 U.S.C. § 3109 [1] was not implicated by entry through

---

1. Section 3109 provides, in pertinent part, that

"[t]he officer may break open any outer or inner

an open door. Since the occupant voluntarily opened the door, entry by 'ruse' was permissible. *See also Contreras–Ceballos, supra* (an officer's use of force to keep open a door that was voluntarily opened in response to the officer's ruse was not a "breaking" so as to implicate § 3109.)

We find the recent case of *Hawaii v. Dixon, supra,* to be factually similar to the case at hand and quite instructive. In *Dixon,* officers employed a ruse to gain entry into a defendant's hotel room. Three officers placed themselves on the sides of the defendant's hotel room door while a hotel security guard approached and knocked on the door. The security guard informed the occupants that he was there to check the air-conditioning. When the hotel door opened, the officers "entered the room simultaneously, announcing 'in an assertive tone of voice' that they were the police and ordering [the defendant] to get down." 924 P.2d at 183. A search of the room produced drugs and paraphernalia.

The Hawaii Supreme Court held that the use of a ruse violated neither statutory law nor the Fourth Amendment because the purposes of the knock and announce rule were not frustrated. *Id.* at 182. The court first engaged in a discussion of statutory law from various jurisdictions and concluded that entry gained through the use of deception is permissible so long as force is not involved. *Id.* at 188. In other words, an entry accomplished without force is not a "breaking" within the meaning of the majority of state statutes, as well as 18 U.S.C. § 3109, and therefore does not implicate the knock and announce rule. "[T]he employment of a ruse to obtain the full opening of the [defendant's] door was not a "breaking." And since the door was then wide open, the subsequent entry ... did not involve a 'breaking' of the door." *Id.* at 187. (quoting *Dickey v. United States,* 332 F.2d 773 (9th Cir.1964)).

After analyzing the *Wilson v. Arkansas, supra,* standard and a number of opinions from other jurisdictions, the *Dixon* court fur-

ther held that the use of a ruse to gain entry did not violate the defendant's constitutional protections under the Fourth Amendment. *Id.* 924 P.2d at 189. The Court adopted the reasoning set forth by the Washington Supreme Court in *State v. Myers,* 102 Wash.2d 548, 689 P.2d 38, 42 (1984):

> The guiding factor in determining whether a ruse entry, to execute a search warrant, constitutes a "breaking" under the Fourth Amendment should be whether the tactic frustrates the purposes of the "knock and announce" rule. Those purposes are: (1) reduction of potential violence to both occupants and police resulting from an unannounced entry, (2) prevention of unnecessary property damage; and (3) protection of an occupant's right to privacy.
>
> It appears obvious that a ruse entry, especially when the deception is not realized until after the entry has been accomplished, actually promotes both the purpose of preventing violent confrontation between the officer and the surprised occupant and that of preventing unnecessary property damage. (citations omitted)

Accordingly, the *Dixon* court concluded that "[w]here the purposes of the knock and announce rule are not frustrated, and may, indeed, be furthered by the use of a ruse to obtain entry to execute a valid warrant, the tactic is not constitutionally unreasonable and, therefore, not violative of fourth amendment protections." *Dixon, supra* at 191.

Appellant further argues that even if this Court concludes that police may utilize a ruse to gain entry absent exigent circumstances, if such is unsuccessful, the police must still follow the knock and announce rule. "If the ruse employed is unsuccessful and the officers did not gain peaceful entry, then the 'knock and wait' rule comes into play." *State v. Ellis,* 21 Wash.App. 123, 584 P.2d 428, 430 (1978).

■ The flaw in Appellant's argument is that she believes because the disguised offi-

door or window of a house, or any part of a house, or anything therein, to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance or when neces-

sary to liberate himself or a person aiding him in the execution of the warrant." *Compare* KRS 70.077 and KRS 70.078.

cer did not gain actual entry into her residence under the guise of a pizza delivery person, that the police did not gain peaceful entry and thus the ruse failed. As such, the officers were required to follow the requirements of the knock and announce rule. We disagree. The ruse was successful because it enticed Appellant to voluntarily open the door in the first place. At that point, the necessity for the ruse evaporated. Officers gained peaceful entry through the open door without having to use any force. As previously stated, such does not constitute a breaking or forceful entry. Although officers may have preferred to have gained access under the pretense of the delivery ruse rather than having to announce their identity, the ruse still accomplished its intended purpose, namely, to prevent Appellant from disposing of the drugs prior to the officers gaining entry into her residence.

■ Even if the ruse in this case was unsuccessful, the trial court found that there were sufficient facts to conclude that the officers complied with the requirements of the knock and announce rule. The trial court specifically made the finding that the officers announced their presence prior to entering Appellant's residence. Moreover, we reject Appellant's proposition that the officers were required to wait until she specifically denied them access. Waiting would have served none of the purposes of the rule.

> Because an occupant, in the face of a valid search warrant, has no right to refuse admission to police, no interest served by the knock and announce rule would be furthered by requiring police officers to stand at an open doorway for a few seconds in order to determine whether the occupant means to admit them.

*State v. Richards,* 87 Wash.App. 285, 941 P.2d 710, 713 (1997); *see also United States v. Kemp,* 12 F.3d 1140 (D.C.Cir.1994).

■ Contrary to Appellant's assertion, we find nothing in the language of *Wilson v. Arkansas, supra,* to be inconsistent with the *Dixon* court's analysis or our application thereof. The United States Supreme Court, while reiterating the knock and announce rule in the context of the Fourth Amendment, clearly has not foreclosed the use of police deception to gain entry into a resi-

dence for the purpose of executing a valid search warrant. Indeed, we agree with the decisions cited herein, that such a tactic, so long as it is accomplished without the use of force, promotes the underlying purposes of the knock and announce rule and is constitutional and reasonable under the Fourth Amendment.

Accordingly, we hereby affirm the decision of the Court of Appeals upholding the trial court's order denying Appellant's suppression motion.

COOPER, GRAVES, JOHNSTONE, LAMBERT and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents in a separate opinion in which STEPHEN, C.J., joins.

STUMBO, Justice, dissents.

Respectfully, I must dissent. This opinion will send the message that officers seeking to execute a search warrant no longer must evaluate the circumstances surrounding execution for exigent circumstances. Simply pretend to be the pizza man or the Avon lady, it says. Once the door is opened to the ruse, announce your true identity and all is well. Never mind that in the future, the nervous homeowner, who may well have some nefarious activity ongoing, may decide that any erroneously directed delivery person is a disguised law enforcement officer and react with tragic results.

The United States Supreme Court has defined the circumstances requiring a knock-and-announce entry into a private residence. Exigent circumstances have likewise been the subject of much legal writing. This case falls within none of the exceptions set forth in those opinions and simply serves to demonstrate that the Court's reverence for the sanctity of the individual's home is no longer of paramount importance in the Commonwealth. I cannot agree with the majority and dread the day when fruits of this opinion arrive for this Court's review.

STEPHENS, C.J., joins.