RENDERED: JULY 16, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0200-MR

JONI HICKS ROBERTS　　　　　　　　　　　　　　　APPELLANT

　　　　　　　　　　APPEAL FROM CLINTON CIRCUIT COURT
v.　　　　　　　　　HONORABLE DAVID WILLIAMS, JUDGE
　　　　　　　　　　ACTION NO. 19-CR-00028

COMMONWEALTH OF KENTUCKY　　　　　　　　　　APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: MAZE, TAYLOR, AND K. THOMPSON, JUDGES.

MAZE, JUDGE: Joni Hicks Roberts appeals from a judgment of conviction by the Clinton Circuit Court following a conditional guilty plea. She argues that the trial court erred by denying her motion to suppress evidence seized from her residence because the affidavit failed to set forth sufficient facts to support a finding of probable cause for the issuance of the search warrant. We agree with the trial court

that the search warrant was supported by probable cause under the totality of the circumstances. Hence, we affirm.

The relevant facts of this matter are not in dispute. On April 8, 2019, the Cumberland County Sherriff's Department was conducting a drug investigation with the assistance of State Trooper Jordan Carter (Trooper Carter). The investigation led to the arrest of Justin Wisdom. Following that arrest, Wisdom furnished information that he had previously delivered a quantity of methamphetamine to Roberts' residence. Based on the information provided, Trooper Carter took the warrant application to the Clinton County Attorney's office, which prepared a search warrant affidavit. After describing the property to be searched, the affidavit stated as follows:

> On April 8, 2019, at approximately 1:30 p.m., Affiant received information from/observed: Justin Obrien Wisdom . . . , that he delivered a large quantity of Methamphetamine to Joni Hicks Roberts at the above named address. He described the house, gave directions to the house location and gave a description of Joni Roberts. Given the Affiant's knowledge of the location and Joni Roberts, the Affiant knew Mr. Wisdom was correct. The information was obtained after a buy/bust completed by Trooper Jordan Carter, the Affiant and the Cumberland County Sherriff's Office.[1] Justin Wisdom was found to be in possession of Methamphetamine and a large amount of cash consistent with trafficking. The statements made by Justin Wisdom were made to the Affiant and Sheriff Scott Daniels.

---

[1] Trooper Carter was listed as the affiant on the affidavit. But as drafted, the language of the affidavit confusingly suggests that the affiant and Trooper Carter are separate individuals.

Acting on the information received, Affiant conducted the following independent investigation: Traveled to the above said residence to obtain mileage and compare the actual residence to the description given by the informant.

After the warrant was signed by a district court judge, the search warrant was served at Roberts' residence the same day. Based upon the items seized at the residence, Roberts was indicted on charges of first-degree trafficking in a controlled substance, first offense; first-degree possession of a controlled substance; possession of drug paraphernalia; and possession of a radio capable of sending or receiving police messages.

On June 5, 2019, Roberts moved to suppress all evidence obtained as a result of the search. Following a hearing, the trial court denied the motion. Thereafter, Roberts entered a conditional plea pursuant to RCr[2] 8.09 to the charge of first-degree trafficking in a controlled substance, first offense. In exchange for her plea, the Commonwealth dismissed the other charges and recommended a sentence of five years' imprisonment, which the trial court imposed. This appeal followed.

Roberts argues that the trial court erred by denying her motion to suppress the evidence seized in the search of her residence. RCr 8.27 sets out the procedure for conducting a suppression hearing. When the trial court conducts a

---

[2] Kentucky Rules of Criminal Procedure.

hearing, our standard of review is two-fold. "First, the factual findings of the court are conclusive if they are supported by substantial evidence"; and second, this Court conducts "a *de novo* review to determine whether the [trial] court's decision is correct as a matter of law." *Stewart v. Commonwealth*, 44 S.W.3d 376, 380 (Ky. App. 2000) (footnote omitted) (citing *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky. 1998)).

In particular, Roberts argues that Trooper Carter's affidavit failed to establish probable cause for the issuance of a search warrant. In *Commonwealth v. Pride*, 302 S.W.3d 43, 49 (Ky. 2010), the Kentucky Supreme Court reaffirmed the "totality of the circumstances" test as set forth in *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983), for finding probable cause in issuing search warrants. *Id.* at 49. *See also Beemer v. Commonwealth*, 665 S.W.2d 912 (Ky. 1984). "Under the *Gates* test, the warrant-issuing judge is not required to attest to the validity of the information provided in the warrant, but rather 'to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Minks v. Commonwealth*, 427 S.W.3d 802, 808 (Ky. 2014) (quoting *Gates*, 462 U.S. at 238, 103 S. Ct. at 2332).

A warrant-issuing judge's determination of probable cause should be paid great deference by reviewing courts. *Pride*, 302 S.W.3d at 48 (citations omitted); *Goncalves v. Commonwealth*, 404 S.W.3d 180, 191 (Ky. 2013). Furthermore, in assessing whether an affidavit established probable cause to support the issuance of a warrant, a reviewing court must consider only the four corners of the affidavit and not extrinsic evidence in analyzing the warrant-issuing judge's conclusion. *Pride*, 302 S.W.3d at 49. On the other hand, conclusory allegations in an affidavit are insufficient to establish probable cause. *Hensley v. Commonwealth*, 248 S.W.3d 572, 576 (Ky. App. 2007). Furthermore, probable cause cannot be premised on "stale" information, unless corroborated by recent information showing that the evidence remains in the location to be searched. *Ragland v. Commonwealth*, 191 S.W.3d 569, 584 (Ky. 2006).

Roberts primarily argues that the affidavit fails to set out information indicating the currentness of Wisdom's information or any recent corroborating information. She notes that the affidavit does not state when Wisdom delivered the methamphetamine to the residence. While the affidavit does confirm that the location of the residence matched Wisdom's description, Roberts argues that it does not provide any indicia of Wisdom's reliability or that the evidence remained at that location to be searched. In the absence of this information, Roberts

contends that the affidavit failed to satisfy the showing of probable cause necessary for the issuance of the search warrant.

However, "[a] search-warrant affidavit is not rendered invalid simply because it does not include the time and date of any observations on which it relies, provided the totality of the circumstances indicates with reasonable reliability that the evidence sought is located in the place to be searched." *Abney v. Commonwealth*, 483 S.W.3d 364, 369 (Ky. 2016). Like in *Abney*, the affidavit in the current case does not indicate when the transaction between the informant and the defendant occurred. But also as in *Abney*, the affidavit includes specific details about the transaction which the officer was able to corroborate. Based upon the totality of the circumstances, we conclude that the affidavit provided a substantial basis to support probable cause for the issuance of the search warrant. Given this conclusion, we need not determine whether the "good faith" exception would apply in this case.

Accordingly, we affirm the judgment of the Clinton Circuit Court.

TAYLOR, JUDGE, CONCURS.

THOMPSON, K., JUDGE, CONCURS IN RESULT ONLY.

BRIEFS FOR APPELLANT:

David M. Cross
Albany, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Mark D. Barry
Assistant Attorney General
Frankfort, Kentucky