RENDERED: MAY 15, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1363-MR

CHRISTOPHER RAYMOND DISNEY                 APPELLANT

|  |  |
|---|---|
| v. | APPEAL FROM WHITLEY CIRCUIT COURT<br>HONORABLE PAUL K. WINCHESTER, JUDGE<br>ACTION NO. 24-CR-00051 |

COMMONWEALTH OF KENTUCKY                   APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, L. JONES, AND MOYNAHAN, JUDGES.

JONES, L., JUDGE: Christopher Raymond Disney brings this appeal from an October 30, 2024 Final Judgment and Sentence on Plea of Guilty rendered by the Whitley Circuit Court upon a conditional plea of guilty following denial of his motion to suppress. We affirm.

In September of 2023, Officer Chris Brown of the Corbin Police Department received a tip from a confidential informant that Disney was trafficking in narcotics. On October 2, 2023, Officer Brown spotted Disney parked

at a local gas station and Officer Brown alerted Officer Brentley Patrick, who was on patrol. Officer Patrick responded to Officer Brown's alert, parked at the gas station, then observed Disney pull out and illegally cross into the turn lane. Officer Patrick followed Disney onto the nearby interstate where Disney crossed the center line multiple times. Officer Patrick suspected Disney was driving under the influence and initiated a traffic stop.

Officer Patrick approached Disney's vehicle and obtained his driver's license. There were also three passengers in the vehicle with Disney. Suspecting that Disney was under the influence, Officer Patrick ordered Disney out of the vehicle and administered a field sobriety test. Officer Brown was also on the scene and stayed near the vehicle as the passengers remained inside. Disney failed the field sobriety test; he was arrested for driving under the influence (DUI) and was placed in a police cruiser.

After Disney was arrested, Officer Estes Rhodes, who had arrived on the scene with his police canine (K-9), conducted an "open air sniff" of the vehicle. The K-9 alerted on the vehicle. Officer Brown, who had been standing at the back of the vehicle while Officer Patrick conducted the field sobriety test, walked up to the driver's side door, smelled marijuana, and saw in plain view a pill bottle suspected to contain narcotics. The three passengers were asked to exit the vehicle and provide driver's licenses. As the vehicle was not registered to Disney or any

of the passengers, the officers decided to have the vehicle impounded. The officers discussed with the passengers an agreed location where they would catch a ride. Based upon the K-9 alert, the smell of marijuana, and the pills in plain view, the officers decided to search the vehicle. The search revealed a container of methamphetamine in a magnet box on the driver's side floorboard.

On February 22, 2024, Disney was indicted by a Whitley County Grand Jury upon one count each of the following: Count I – Trafficking in a Controlled Substance in the First Degree, Methamphetamine; Count II – Trafficking in a Controlled Substance in the First Degree, Fentanyl; Count III – Possession of a Controlled Substance in the Third Degree, Alprazolam; Count IV – Possession of Drug Paraphernalia; and Count V – being a Persistent Felony Offender (PFO) in the First Degree.[1] Disney subsequently filed a motion to suppress the results of the search of his vehicle. Following a hearing, the trial court denied Disney's motion to suppress.

Pursuant to a plea agreement with the Commonwealth, Disney entered a conditional plea of guilty reserving his right to appeal "any issues related to the motion to suppress." Record (R.) at 27. Pursuant thereto, Disney pleaded guilty to the following: Count I – Trafficking in a Controlled Substance in the First Degree,

---

[1] The DUI violation which preceded these charges was resolved in a separate action in Whitley District Court, Case No 23-T-51045 on January 9, 2024.

Methamphetamine; Count II – Trafficking in a Controlled Substance in the First

Degree, Fentanyl; and Count V – being a Persistent Felony Offender (PFO) in the

First Degree. Counts III and IV were dismissed. By Final Judgment and Sentence

on Plea of Guilty, Disney was sentenced to ten years' imprisonment on Count I as

enhanced by the First-Degree PFO and was sentenced to three years' imprisonment

on Count II. Counts I and II were ordered to run concurrently to each other but

consecutively to all prior felony convictions. This appeal follows.

Disney initially contends the "trial court failed to enter a written order,

making it impossible to determine what its ruling [denying his motion to suppress]

was founded upon." Disney's Brief at p. 3. In other words, Disney asserts the lack

of written findings of fact preclude meaningful appellate review and requests "this

Court reverse and remand the case for entry of a written order with findings of fact

and conclusions of law." *Id.* at 8. Although inartfully drafted, Disney also asserts

the search of the vehicle following his arrest for DUI was in violation of the Fourth

Amendment to the United States Constitution and Section 10 of the Kentucky

Constitution. More particularly, Disney contends the traffic stop was

impermissibly extended after his arrest.

The standard of review applicable to a trial court's denial of a motion

to suppress evidence is well established and was articulated in *Pace v.*

*Commonwealth*, 529 S.W.3d 747, 753 (Ky. 2017), as follows:

> Generally, when reviewing a trial court's ruling on a motion to suppress, this Court will examine the trial court's findings of fact to ensure they are supported by substantial evidence. *Peyton v. Commonwealth*, 253 S.W.3d 504, 514 (Ky. 2008) (citing *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky. 1998). However, [if] the trial court's factual findings are not in dispute and appear to be sufficiently supported by the record . . . the Court will proceed in conducting a *de novo* review *of the trial court's* legal conclusions. *Peyton*, 253 S.W.3d at 514-15.

(Citation omitted.)

Before we engage in a review of the trial court's decision to deny the motion to suppress, it is important to acknowledge the trial court did not enter a written order containing its findings of fact and conclusions of law. As noted in *Pace*, "[i]t is important to underscore that this Court's analysis would have been significantly aided by a submission of written findings." *Id.* at 753 (citations omitted). However, in this case, we are able to adequately determine the basis for the trial court's denial of the motion to suppress from the record of the suppression hearing. *See id.* The Court specifically stated the following from the bench in its oral ruling upon the motion to suppress:

> I can't suppress that . . . . [G]iven the facts that I saw, the DUI is over, you've got a car that nobody [no passenger] owns, you've got people in it, so they have to interact with that car. Then they [the officers] see something [pill bottle], smell something [marijuana], I think that gives them enough cause to have the dog run around the car and alert, and then it leads to that. So, that'll, that's where we are today.

-5-

Video Record (VR) 05/23/24, 11:15:08-34. A review of the video record also reveals that the relevant facts were undisputed as was demonstrated by defense counsel's statements including: "[w]e will see on the body cam all the facts. I don't think there are any of the facts that are in dispute" and "the facts [are] very well established." VR 05/23/24; 10:06:06 and 11:01:11. Therefore, we will proceed with a *de novo* review of Disney's claim the traffic stop was impermissibly extended following his arrest, and thus the evidence uncovered must be suppressed. *See Pace*, 529 S.W.3d at 753.

It is well settled that police officers may conduct a traffic stop when there exists "probable cause to believe that a traffic violation has occurred." *Commonwealth v. Bucalo*, 422 S.W.3d 253, 258 (Ky. 2013) (citations omitted). In this instance, it is undisputed that Officer Patrick had probable cause to conduct the traffic stop of Disney based upon the traffic violations which included Disney illegally pulling out into the turn lane and then crossing the center line multiple times. Thus, our analysis will focus upon whether the traffic stop was impermissibly extended after Disney was arrested for DUI resulting in the discovery of methamphetamine, fentanyl, alprazolam, and drug paraphernalia.

It is equally well established that the authority for a traffic stop ends when the tasks related to the traffic stop "are – or reasonably should have been – completed." *Rodriguez v. United States*, 575 U.S. 348, 354 (2015). In other

words, any extension of time beyond what is required to resolve the traffic stop or related tasks is unconstitutional "unless something happened during the stop to cause the officer to have a reasonable and articulable suspicion that criminal activity [is] afoot." *Davis v. Commonwealth*, 484 S.W.3d 288, 292 (Ky. 2016) (citations omitted).

In the case *sub judice*, the trial court ruled from the bench that the search of the vehicle was not part of the traffic stop as Disney had been arrested and placed in the police cruiser. Rather, the officers were merely deciding what to do with the passengers as officers were not permitted to allow them to drive a vehicle that neither Disney nor any passenger owned. The trial court also noted that as the officers were addressing the situation with the passengers, probable cause arose for "another investigation" when Officer Brown smelled marijuana, asked the passengers to exit the vehicle and then saw the pill bottle of suspected narcotics in plain view. These factors constitute reasonable and articulable suspicion that criminal activity was afoot. More specifically, the trial court stated:

> So, I'm looking at, they're having to deal with these other people so they're going to have to interact with the car and as they're interacting with the car, he smells the marijuana, sees the pills, then the dog does search the car and then they find everything. And I don't know why it can't lead to another investigation when that happens. That's where I'm at.

VR 05/23/24; 11:12:38.

We agree with the trial court that based upon these facts the officers had a reasonable suspicion that criminal activity was afoot to support extending the original traffic stop beyond its original purpose. Once Officer Brown smelled marijuana and saw the suspected narcotics, there was probable cause to search the vehicle. As such, we believe the trial court properly denied Disney's motion to suppress.

For the forgoing reasons the October 30, 2024 Final Judgment and Sentence on Plea of Guilty is affirmed.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Travis Bewley
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky