RENDERED: JANUARY 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0495-DG

ANTHONY TYLER THOMPSON      APPELLANT

ON DISCRETIONARY REVIEW
FROM MARION CIRCUIT COURT
v.    HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NOS. 22-T-00001 AND 23-XX-00001

COMMONWEALTH OF KENTUCKY      APPELLEE

AND

NO. 2023-CA-0499-DG

BRANDON SCOTT CARROLL      APPELLANT

ON DISCRETIONARY REVIEW
FROM MARION CIRCUIT COURT
v.    HONORABLE SAMUEL TODD SPALDING, JUDGE
ACTION NOS. 22-T-00204 AND 23-XX-00003

COMMONWEALTH OF KENTUCKY      APPELLEE

AND

NO. 2023-CA-0553-DG

GREGORY TANNER CALDWELL                                          APPELLANT

ON DISCRETIONARY REVIEW
FROM MARION CIRCUIT COURT
v.                    HONORABLE KAELIN G. REED, JUDGE
ACTION NOS. 22-T-00119 AND 23-XX-00002

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CETRULO, L. JONES, AND McNEILL, JUDGES.

JONES, L., JUDGE:  The above-captioned appellants, Anthony Tyler Thompson,

Brandon Scott Carroll, and Gregory Tanner Caldwell (collectively referred to as

Appellants) have been granted discretionary review from opinions and orders of

the Marion Circuit Court affirming the denial of their motions to suppress evidence

obtained from breath tests administered to them following their arrests for violating

Kentucky Revised Statutes (KRS) 189A.010, Kentucky's principal driving under

the influence of alcohol (DUI) statute.  Having reviewed the records in their

entirety as well as relevant case and statutory law, we affirm the decisions of the circuit court.

## BACKGROUND

These appeals involve the application of law to operative facts that are largely uncontested. In Kentucky, any person who operates or is in physical control of a vehicle is generally presumed to have:

> [G]iven his or her consent to one (1) or more tests of his or her blood, breath, and urine, or combination thereof, for the purpose of determining alcohol concentration or presence of a substance which may impair one's driving ability, if an officer has reasonable grounds to believe that a violation of KRS 189A.010(1) or 189.520(1) has occurred[.]

KRS 189A.103(1). This presumption is often referenced as "implied consent." Here, in sum, each Appellant was arrested in Marion County for DUI. There is no dispute that each Appellant was lawfully arrested. Each Appellant was then transported to jail, requested by their respective arresting officers to take a breath test at the jail, and advised – consistently with KRS 189A.105, as enacted July 1, 2020 (the version that applied when they were arrested)[1] – of the consequences for refusing and thus withdrawing their implied consents. That version of KRS 189A.105 provided in relevant part as follows:

---

[1] Thompson was arrested January 2, 2022. Caldwell was arrested February 20, 2022. Carroll was arrested March 28, 2022. KRS 189A.105 was later amended on April 6, 2022, and June 29, 2023.

(2)(a) At the time a breath, blood, or urine test is requested, the person shall be informed:

> 1. That, if the person refuses to submit to such tests:
>
>> a. The fact of this refusal may be used against him or her in court as evidence of violating KRS 189A.010 and will result in suspension of his or her driver's license by the court at the time of arraignment; and
>>
>> b. Is subsequently convicted of violating KRS 189A.010(1):
>>
>>> i. For a second or third time within a ten (10) year period, he or she will be subject to a mandatory minimum jail sentence which is twice as long as the mandatory minimum jail sentence imposed if he or she submits to the tests; and
>>>
>>> ii. His or her license will be suspended by the Transportation Cabinet.

2019 Ky. Acts Ch. 103, § 9 (eff. July 1, 2020).

After being so advised, each Appellant decided not to revoke their implied consents. The results of their breath tests reflected that their respective blood alcohol contents (BAC) exceeded what was legally permitted for purposes of the DUI statute. Thereafter, each Appellant was prosecuted in Marion District Court for violating KRS 189A.010. During the proceedings that followed, each

Appellant unsuccessfully moved to have the results of his respective breath test suppressed based upon the insufficiency of the implied consent advisement he had been given. They each argued the advisements incorrectly represented that the consequences listed in KRS 189A.105(2) would apply if they refused a *blood* test. In each case, the district court denied their motions after determining that the implied consent advisements were legally sufficient because Appellants had been given *breath* tests. Appellants then entered guilty pleas conditioned upon their rights to appeal the denials of their respective suppression motions. They appealed to Marion Circuit Court, which affirmed. We then granted their requests for discretionary review.

## STANDARD OF REVIEW

"Our standard of review of the trial court's denial of a suppression motion is twofold. First, the trial court's findings of fact are conclusive if they are supported by substantial evidence; and second, the trial court's legal conclusions are reviewed de novo." *Brumley v. Commonwealth*, 413 S.W.3d 280, 283-84 (Ky. 2013) (citing *Commonwealth v. Marr*, 250 S.W.3d 624, 626 (Ky. 2008)). "Substantial evidence means evidence that when taken alone or in light of all the evidence, . . . has sufficient probative value to induce conviction in the minds of reasonable men." *Turley v. Commonwealth*, 399 S.W.3d 412, 420 (Ky. 2013) (internal quotation marks, emphasis, and citation omitted). "[A] reviewing court

should take care both to review findings of historical fact only for clear error and to give due weight to inferences drawn from those facts by resident judges and local law enforcement officers." *Roberson v. Commonwealth*, 185 S.W.3d 634, 637 (Ky. 2006) (quoting *Ornelas v. United States*, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996)). If a trial court's findings of fact are supported by substantial evidence, the next question addressed by the reviewing court is "whether the rule of law as applied to the established facts is or is not violated." *Adcock v. Commonwealth*, 967 S.W.2d 6, 8 (Ky. 1998) (quoting *Ornelas*, 517 U.S. at 697, 116 S. Ct. at 1662).

## ANALYSIS

Our analysis begins with a more specific review of why Appellants moved to have the results of their breath tests suppressed. Perhaps because they were all represented by the same counsel in their respective proceedings, they all filed substantially similar motions that made the following argument:

> In this case, the implied consent form read to the Defendant specifically states that "I will be requesting that you submit a test of your breath, *blood*, or urine, or any combination of these tests. If your [sic] refusal [sic] to submit to *any* test which I request, your refusal may be used against you in court . . . ." In short, the implied consent warnings read to defendant inaccurately reflect the status of Kentucky law as articulated by the Supreme Court in *Commonwealth v. McCarthy*, 628 S.W.3d 18 (Ky. 2021). As such, the consent given in this case is invalid.

(Emphasis in original) (body camera footage citations omitted).

This argument has been and remains the sole thesis of their appeals. Appellants do not clearly[2] associate it with any legal theory, but it appears to stand for the proposition that their decisions not to revoke their implied consents to taking breath tests were invalid: (1) *solely* because their respective arresting officers read them advisories that were legally incorrect; or (2) because the statute that those advisories were based upon – the version of KRS 189A.105 that applied when they were arrested – was facially unconstitutional or unconstitutional as applied to them.

Regarding the first of those propositions, Appellants are correct that their arresting officers misstated the law by indicating that the consequences listed in the version of KRS 189A.105, set forth above, could have applied to any refusal of a warrantless blood test. However, a bare misstatement of the law is an insufficient predicate to suppress evidence in this context. Rather, suppression is warranted if the Commonwealth has used a misstatement of the law to *coerce* a defendant to waive a fundamental right. These points were articulated in the case cited by Appellants, *Commonwealth v. McCarthy*, 628 S.W.3d 18 (Ky. 2021).

_____

[2] In their briefs before the circuit court in their respective cases, each Appellant claimed that the "reading" of what KRS 189A.105 provided, as set forth in the implied consent advisements, "was violative of the due process clauses of the Kentucky and United States Constitutions." However, in their respective reply briefs before this Court, Appellants insist they have never raised any constitutional challenges.

Specifically, in *McCarthy*, our Supreme Court explained that a defendant's "refusal to submit to a blood test" – for which there is no warrant or applicable exception to the warrant requirement of the Fourth Amendment of the United States Constitution – "could not be used to enhance [a defendant's] criminal penalty for DUI and, under controlling Kentucky precedent, could not be used as evidence that [a defendant] was guilty of DUI." *McCarthy*, 628 S.W.3d at 23. Therefore, our Supreme Court affirmed the lower court's determination in that matter that the result of the defendant's blood test – a blood test for which there had been no warrant or applicable exception to the warrant requirement of the Fourth Amendment, and to which the defendant had only "consented" after the Commonwealth had thus *unlawfully* threatened to enhance his criminal penalty for DUI if he refused and use his refusal as evidence that he was guilty of DUI – was inadmissible. *Id.* at 32-36.

However, our Supreme Court clarified that a request for a *breath* test is treated differently under the law and Fourth Amendment precedent than a request for a *blood* test. To that end, the Court quoted the United States Supreme Court's decision in *Birchfield v. North Dakota*, 579 U.S. 438, 136 S. Ct. 2160, 195 L. Ed. 2d 560 (2016), as follows:

> If, on the other hand, such warrantless searches comport with the Fourth Amendment, it follows that a State may criminalize the refusal to comply with a demand to submit to the required testing, just as a State may make it

a crime for a person to obstruct the execution of a valid search warrant.

[*Birchfield*, 579 U.S. at 454-55, 136 S. Ct.] at 2172 (citations omitted).

. . .

"Because breath tests are significantly less intrusive than blood tests and in most cases amply serve law enforcement interests, . . . a breath test, but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving." *Id*. at 2185.

*McCarthy*, 628 S.W.3d at 30-31.

As recognized in *Birchfield*, officers could have properly asked McCarthy to submit to a breath test as opposed to the more invasive blood test. If he submitted to the breath test, the Commonwealth would have had the desired scientific BAC evidence and if he refused, nothing . . . would have precluded admission of that refusal of a breath test as evidence against him in the DUI prosecution.

*Id*. at 37.

As stated, Appellants do not dispute they were given breath tests after being lawfully arrested and taken into custody. Appellants accordingly had no right to refuse taking the requested breath tests because the "search incident to arrest" exception to the Fourth Amendment's warrant requirement applied. Thus, nothing prohibited the Commonwealth from penalizing them – or inducing their acquiescence by threatening to penalize them – consistent with the applicable version of KRS 189A.105 for refusing to take the breath tests.

While any such threat may have induced their decisions not to revoke their implied consents, that inducement was not improperly *coercive*. Coercion requires a defendant's will to be overborne or his or her capacity for self-determination to be critically impaired. *United States v. Watson*, 423 U.S. 411, 424, 96 S. Ct. 820, 46 L. Ed. 2d 598 (1976). Advising a defendant of the *legal* ramifications of his or her choice, even if those consequences are serious and negative, does not impair their consent. To the contrary, it *informs* their consent. As the United States Supreme Court explained, albeit with reference to the Fifth Amendment of the United States Constitution, while the choice to submit to or refuse a blood-alcohol test "will not be an easy or pleasant one for a suspect to make," the criminal process "often requires suspects and defendants to make difficult choices." *South Dakota v. Neville*, 459 U.S. 553, 564, 103 S. Ct. 916, 923, 74 L. Ed. 2d 748 (1983).

To be sure, the result might be different if Appellants had been given blood tests. But they were given breath tests, not blood tests. Appellants were not misadvised regarding the consequences that could legally follow if they refused to take a breath test. It would be illogical and absurd to revoke implied consent to a lawfully required breath test simply because, under the same set of circumstances, a blood test could not have been lawfully required. No improper coercion invalidated Appellants' consents to taking the requested breath tests.

Having said that, we now proceed to the second proposition that might be gleaned from Appellants' argument, *i.e.*, that their consents, elicited from them pursuant to the version of KRS 189A.105 that applied at the time, were invalid because that version of KRS 189A.105 was either facially unconstitutional or unconstitutionally applied to them. If this is in essence what Appellants are arguing, then the initial problem is one of non-preservation stemming from appellants' collective noncompliance with KRS 418.075 – a point that was raised *sua sponte* and found alternatively dispositive in Appellant Caldwell's proceedings. As our Supreme Court has explained,

> KRS 418.075(1) provides, in relevant part, that "[i]n any proceeding which involves the validity of a statute, the Attorney General of the state shall, before judgment is entered, be served with a copy of the petition, and shall be entitled to be heard . . . ." We have made plain that strict compliance with the notification provisions of KRS 418.075 is mandatory[,] meaning that even in criminal cases, we have refused to address arguments that a statute is unconstitutional unless the notice provisions of KRS 418.075 had been fully satisfied.
>
> . . .
>
> . . . KRS 418.075 contains no exceptions for "as applied" challenges. When no exceptions exist in a statute, there is a presumption that the lack of exceptions reflects a conscious decision by the General Assembly; and a court lacks authority to graft an exception onto a statute by fiat.

-11-

*Benet v. Commonwealth*, 253 S.W.3d 528, 532-33 (Ky. 2008) (citations and footnotes omitted). At no point in the proceedings below did any of the Appellants notify the Kentucky Attorney General of an intention to level a facial or as-applied challenge to the version of KRS 189A.105 that was effective when they were arrested. Therefore, as *Benet* teaches, any such challenges are unpreserved.

Furthermore, any such challenges would have been meritless. A facial challenge is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [statute] would be valid." *Harris v. Commonwealth*, 338 S.W.3d 222, 229 (Ky. 2011) (internal quotation marks and citation omitted); *see also Commonwealth v. Bredhold*, 599 S.W.3d 409, 415-16 (Ky. 2020). Here, Appellants cannot make such a showing because, as discussed above, the version of KRS 189A.105 that was effective when they were arrested was at least constitutionally valid with respect to their breath tests.

"On the other hand, in order to declare a statute unconstitutional as applied, a court must find the law unconstitutional as applied to the challenger's particular circumstances." *Bredhold*, 599 S.W.3d at 416 (citation omitted). Here, too, any such challenge would fail. The only test ever required of Appellants, and the only test Appellants ever submitted to, was a breath test. Appellants cannot

-12-

demonstrate their Fourth Amendment rights were violated where the only warrantless test at issue did not violate the Fourth Amendment.

## CONCLUSION

The facts of Appellants' cases confirm that, while there was a misstatement of law as to the consequences of a refusal to submit to a requested blood test following their arrest for DUI, Appellants were not misinformed as to the consequences of a refusal to submit to a breath test. Officers requested breath testing and each Appellant consented to the request without coercion.

We view any remaining contentions as moot or without merit.

For the foregoing reasons, we AFFIRM the decisions of the Marion Circuit Court denying Appellants' motions to suppress the results of their breath tests.


ALL CONCUR.

BRIEFS FOR APPELLANTS:

Elmer J. George
Lebanon, Kentucky

ORAL ARGUMENT FOR
APPELLANTS:

Elmer T. George
Lebanon, Kentucky

BRIEFS FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky

ORAL ARGUMENT FOR
APPELLEE:

Melissa Pile
Frankfort, Kentucky